BOARDMAN, Acting Chief Judge.
Kenneth Lamar Gay appeals the sentences imposed upon him for sale of a controlled substance and possession of a controlled substance with intent to sell, both a violation of section 893.13(l)(a), Florida Statutes (1983).
The state filed two informations, both of which charged appellant with sale of cannabis and possession of cannabis with intent to sell. The record discloses the following factual basis for the charges:
In CF83-1847, on or about the 29th of October, 1982, about 12:15 a.m., the Defendant sold a bag of cannabis for $5 to Investigator Shumate of the Polk County Sheriffs Office; and in CF83-1846, at about 12:45, about a half an hour later, he sold two bags of cannabis for about $12 to Investigator Shumate.
Appellant pled guilty to all the charges. The court withheld adjudication and placed appellant on concurrent terms of three years probation on all four charges.
Appellant contends that the trial court violated the constitutional prohibition against double jeopardy in sentencing him for the charges of possession of cannabis with intent to sell. We agree.
In Bell v. State, 437 So.2d 1057 (Fla.1983), the Florida Supreme Court defined the term “same offense” for purpose of double jeopardy: “In a pure sense of the definition, two offenses are ‘the same’ if they are identical in law and fact. That is, that one statute has been violatéd once. Of course merely labeling statutes does not, and cannot, make offenses distinct when in fact they are identical.” Id. at 1058-59.
In the instant case, each charge of possession of cannabis with intent to sell is based upon the same factual occurrence as the corresponding sale charge. In addition, the offenses are both proscribed by the same statutory provision, section 893.-13(l)(a). Therefore, the separate charges in each information are identical in law and fact and, thus, the same offense for purposes of double jeopardy.
Accordingly, we vacate the two probationary sentences for possession of canna *1008 bis with intent to sell, and the cause is remanded for proper sentencing in light of this opinion.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
SCHEB and RYDER, JJ., concur.