464 So.2d 582 (1985)
Clarence Edward DUKES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-70.
District Court of Appeal of Florida, Second District.
January 25, 1985.
Rehearing Denied March 11, 1985.
*583 James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, EDWARD F. (Ret.) Judge.
In case numbers 83-2369, 83-2722, and 83-2723, appellant Charles Edward Dukes pled nolo contendere to separate counts of sale of a controlled substance (cannabis) and possession of that same substance with intent to sell, both counts charging a violation of section 893.13(1)(a), Florida Statutes (1983).[1] Appellant maintains that in each instance the charge of possession with intent to sell arose out of the same factual occurrence as the corresponding sale charge. Thus, according to appellant, the probationary sentences imposed on each count of possession of a controlled substance with intent to sell must be vacated under this court's holding in Gay v. State, 447 So.2d 1007 (Fla. 2d DCA 1984).[2] Because we deem it necessary to recede from Gay, this court has determined to submit this opinion en banc pursuant to Florida Rule of Appellate Procedure 9.331.
In Gay, this court held that a charge of possession of cannabis with intent to sell which arose from the same factual occurrence as a corresponding sale charge was identical in law and fact to the sale charge and thus the same offense for the purpose of imposing punishment. 447 So.2d at 1007. In the absence of clear legislative intent to the contrary, a trial court may not impose cumulative punishment for charged violations which are legally and factually the "same" criminal offense. Ohio v. Johnson, ___ U.S. ___, ___, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425, 433 (1984); Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, *584 542 (1983); see Bell v. State, 437 So.2d 1057 (Fla. 1983).
While the state concedes that the holding of Gay mandates reversal of appellant's sentence for possession with intent to sell in case numbers 83-2722 and 83-2723, it challenges the reasoning of the Gay decision. According to the state, Gay found the two charges at issue to be legally identical only by departing from the dispositive standard set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which the Florida Legislature has adopted as a rule of statutory construction in section 775.021(4), Florida Statutes (1983). The state submits that under a Blockburger analysis, sale of cannabis and possession of cannabis with intent to sell are separate, legally distinct offenses because each charge requires proof of an element not required by the other. Specifically, sale does not require proof of possession, Smith v. State, 430 So.2d 448 (Fla. 1983); Portee v. State, 392 So.2d 314 (Fla. 2d DCA 1980), aff'd, 447 So.2d 219 (Fla. 1984); Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979), and possession with intent to sell does not require proof of a sale. Unfortunately, the state failed to advance this meritorious argument during this court's consideration of Gay; consequently, we must revisit our holding in Gay and alter our resolution of the issue raised.
For purposes of our examination, the probationary sentences imposed against appellant pursuant to his pleas of nolo contendere have the same constitutional significance as multiple sentences imposed in a single prosecution. Under such circumstances, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983). Accord Ohio v. Johnson, ___ U.S. at ___, 104 S.Ct. at 2541, 81 L.Ed.2d at 433.
Section 775.021(4), Florida Statutes (1983), articulates the legislature's intent in this regard, stating:
(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(Emphasis added.) Thus, the Florida Legislature has prescribed separate sentences for each separate criminal offense committed during the course of one criminal transaction or episode, specifically adopting the Blockburger test as the applicable standard for determining the legal identity of the various crimes charged. Under Blockburger, possession with intent to sell and sale are separate criminal offenses because each requires proof of an element which the other does not. It is immaterial to this Blockburger analysis that both offenses are defined in one statute. See State v. Getz, 435 So.2d 789, 791 (Fla. 1983). Indeed, the same paragraph of a particular section may proscribe two distinct offenses. See State v. Gibson, 452 So.2d 553, 554-55 n. 1 (Fla. 1984) (section 790.07(2), Florida Statutes (1977), proscribes two distinct offenses: (1) use, display, or attempt or threat to use a firearm while committing a felony and (2) carrying a concealed firearm while committing a felony.) Consequently, we recede from the holding of Gay and affirm the probationary sentences imposed against appellant in case numbers 83-2722 and 83-2723.
We reach the same result in case number 83-2369 for the additional reason that a separate factual occurrence supports each of the counts charged there. The factual basis established in conjunction with appellant's plea indicates that appellant sold a five dollar bag of marijuana to the passenger of a vehicle as it paused at the corner of an intersection. After police pursued the vehicle, questioned the passenger, and *585 elicited her admission concerning the transaction, they observed appellant placing a bag containing 2.1 grams of marijuana in the window of a building located near that intersection. Under these facts, the charge of possession with intent to sell resulted from a separate and distinct factual event than that giving rise to the sale charge, thus providing additional justification for the imposition of multiple probationary sentences.
In summation, we affirm each of appellant's convictions and sentences for sale of a controlled substance and possession of a controlled substance with intent to sell.
RYDER, C.J., and GRIMES, SCHEB, OTT, DANAHY, CAMPBELL, SCHOONOVER, LEHAN and FRANK, JJ., concur.
NOTES
[1] As pertinent to this appeal, section 893.13(1)(a) provides:

(1)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
... .
2. A controlled substance named or described in s. 893.03(1)(c), (2)(c), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Appellant's nolo contendere plea precludes attack upon his convictions but does not bar his claim that he cannot be sentenced on both counts. See Davis v. State, 392 So.2d 947 (Fla. 3d DCA 1981); Anderson v. State, 392 So.2d 328, 329 (Fla. 3d DCA 1981); Robinson v. State, 239 So.2d 282 (Fla. 2d DCA 1970).