SCHEB, Acting Chief Judge.
Defendant was found guilty of possession of a controlled substance (Count I) and sale of a controlled substance (Count II). The trial court placed him on concurrent terms of five years probation for each count.
Defendant argues that he was found guilty of possession of a controlled substance in Count I and possession of a controlled substance with intent to sell in Count II. He concludes that possession is a lesser-included offense of possession with intent to sell, and his being placed on probation for both offenses arising from the same transaction violated his protection against double jeopardy. We find no merit in defendant’s argument.
Defendant was found guilty and placed on probation for separate and discrete crimes proscribed by separate statutory subsections. See §§ 893.13(1)(a)1 and 893.13(1)(e), Fla.Stat. (1981). Possession was not alleged in the count charging sale and was not a lesser-included offense of the sale. Thus, there is no double jeopardy violation in this case. Portee v. State, 447 So.2d 219 (Fla.1984). See also Dukes v. State, 464 So.2d 582 (Fla. 2d DCA 1985) (sale does not require proof of possession).
*239 We note that the judgment form incorrectly indicates defendant was found guilty in Count II of possession of a controlled substance with intent to sell. This is contrary to the jury verdict finding him guilty of sale of a controlled substance.
Accordingly, we affirm defendant’s convictions and terms of probation but remand to the trial court to correct the judgment form as to Count II.
OTT and CAMPBELL, JJ., concur.