528 So.2d 910 (1988)
Bruce Edwards GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2444.
District Court of Appeal of Florida, Second District.
May 27, 1988.
As Amended on Denial of Rehearing July 6, 1988.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Bruce Gordon, contends that his convictions for sale of cocaine and possession of that same cocaine with intent to sell violated his double jeopardy rights. We agree and reverse on the authority of our supreme court's recent decision in Carawan v. State, 515 So.2d 161 (Fla. 1987).
We stress that, in accord with Carawan, 515 So.2d at 170, footnote 8, we are dealing with a single act which gave rise to the two charges and subsequent convictions and sentences, and not with a criminal "transaction" or "episode."[1] The single *911 act in question in the appellant's case occurred on February 27, 1986. On this date, the appellant possessed a single piece of crack cocaine, known as a rock, which he sold to undercover police agents for ten dollars.[2] Based on the sale of this one cocaine rock, the appellant was arrested and the state filed an information against him charging two violations of section 893.13(1)(a), Florida Statutes (1986): one count of sale of cocaine and one count of possession of cocaine with intent to sell. The appellant unsuccessfully moved for dismissal of the possession-with-intent-to-sell count on double jeopardy grounds. Thereafter, he pled nolo contendere to both counts, specifically reserving his right to appeal the denial of his motion to dismiss. He was adjudicated guilty of both counts and sentenced on both counts within the guidelines.
The appellant argues that because his convictions and sentences for sale of cocaine and, also, possession of that same cocaine with intent to sell, both in violation of section 893.13(1)(a), Florida Statutes (1985), were predicated on but a single underlying act, his constitutional protection against multiple punishments for the same offense has been violated. The state, on the other hand, contends that despite the fact that what it considers two separate crimes occurred in extremely close temporal proximity, there were, undoubtedly, two separate crimes committed here, crimes which the legislature has clearly intended be punished separately.[3]
The task before us, as it was before the supreme court in Carawan, is "the proper method of construing criminal statutes in light of the prohibition against double jeopardy contained in the state and federal constitutions." Id. at 163 (footnote omitted). The statute we construe is the following:
893.13 Prohibited acts; penalties. 
(1)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d) (2)(a) [cocaine in any form] or (2)(b) is guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
As directed by Carawan, the first step in our analysis is to find, if possible, any statement of legislative intent regarding whether the two offenses in question are separate offenses, to be punished separately, or, if they are but one offense at law.[4] Indeed, the appellant argues that the placing of these two crimes within the same sentence of the statute indicates that they are the same "offense" and that the legislature is merely providing different avenues for law enforcement to attack the same evil. As Carawan points out:
[B]ecause of the constant patchwork revisions of Florida's criminal code, certain statutes may be drafted only to punish *912 for frustrated criminal attempts, or to provide special penalties for crimes that essentially are only aggravated versions of other crimes, although perhaps going under different names.
515 So.2d at 168. The mere placement, therefore, of the two crimes within the statute's proscription will not provide the necessary clear intent language.[5] Such intent language has not been cited to us, nor can we find such language obviating the need to progress to the second step of the Carawan analysis.
Because we lack an indication of legislative intent on this issue, we proceed to the second step of the analysis: application of the Blockburger[6] test to the elements of the two crimes. In order for the crimes to be separate we must find that each crime contains an element not contained within the other. Id. We begin our discussion with the possession element of these two crimes. A defendant cannot be convicted of either crime unless he is deemed, at law, to have had some sort of possession of the contraband.[7] As to the crime of sale, a defendant need not be the actual possessor of the contraband although such actual possession will naturally result in criminal sanctions as in the instant case. The possessory element can be shared by others legally responsible for the crime. For example, a person acting as a go-between or broker[8] may arrange for or be the moving force in the sale of contraband, yet never have either actual nor constructive possession of the contraband. In such a case, the act of the seller who has actual possession of the contraband becomes the act of the broker. The broker is deemed to have the same possession as the seller and can be convicted as a principal of the crime of sale under Chapter 777, Florida Statutes.[9] As to the crime of possession-with-intent-to-sell, we need not elaborate on the obvious, to wit, possession is an element of this crime.[10] In the case before us, then, where there is no question of a broker or others involved in the crime charged, but rather a single act with a single defendant, we conclude that the first element of the crime of sale of contraband as well as the crime of possession-with-intent-to-sell contraband is possession.
We turn now to the next element, intent. All criminal behavior requires proof of criminal intent, the mens rea, which serves *913 to distinguish such behavior from accidental (noncriminal) behavior or negligent behavior. See generally W. LaFave & A. Scott, Substantive Criminal Law § 3.5(e) (1986). There is no question that the intent element in the crime of possession-with-intent-to-sell is "intent to sell." Regarding the crime of sale, we discern also that the intent there is "intent to sell" because a person will not (or cannot) voluntarily effectuate a sale without desiring such result. "[A] man is to be taken to intend what he does, or that which is the necessary and natural consequence of his own act." R. Perkins, Perkins on Criminal Law 748 (2d ed. 1969), citing Harrison v. Commonwealth, 79 Va. 374, 377 (1884). We conclude, therefore, that the two crimes at issue here so far involve the same two elements: possession and intent.[11] This is the point where the similarity between these two crimes ends.
The sum of the elements of the crime of possession-with-intent-to-sell is two (2): the state must merely prove the defendant (a) possessed the contraband with (b) the intent to sell it. The crime of sale of contraband contains these two elements plus a third. This third element is the actual sale as defined in Florida Standard Jury Instructions in Criminal Cases (1987 ed.), page 219: "`sell' means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value." It will be evident that in contrasting the component elements of these two crimes that in proving the elements of sale, the prosecution cannot also help but prove the elements of possession-with-intent-to-sell. Two of our sister courts have reached this same conclusion. Fletcher v. State, 428 So.2d 667 (Fla. 1st DCA 1982), petition for review denied, 430 So.2d 452 (Fla. 1983) (a pre-Carawan decision), and Smith v. State, 524 So.2d 461 (Fla. 4th DCA 1988), (a post-Carawan decision). The fourth district in Smith has acknowledged conflict on this question with our own pre-Carawan opinion in Dukes v. State, 464 So.2d 582 (Fla. 2d DCA 1985).
To the extent Dukes conflicts with Carawan, it, of course, does not survive. Dukes noted that the crime of possession-with-intent-to-sell does not include the element of sale. This is indeed true as we have concluded in the instant case. Our analysis in Dukes was correct so far as it went, but it was, as we learn in Carawan, incomplete. In Dukes we failed to continue on to the next step to delineate the unique element that the crime of possession-with-intent-to-sell contraband has that the crime of sale of contraband does not. Without this further inquiry the Blockburger analysis was incomplete as it regarded these two crimes. A complete Blockburger inquiry would have revealed that the crime of possession-with-intent-to-sell contained no element not also contained within the crime of sale.[12]Dukes was correct, however, in its disposition of the third case discussed in the opinion, 464 So.2d at 584 (Case No. 83-2369), because the factual circumstances showed that the appellant had placed a baggie of marijuana in a nearby window  thus committing the crime of possessing marijuana with intent to sell  just after selling a completely different baggie of marijuana to a passenger in a passing car. Thus, the two crimes were predicated upon separate acts and the appellant was then properly convicted and punished for both. In summary, that part of Dukes finding no double jeopardy violation for two crimes predicated upon a single act, relying on the incomplete Blockburger test, is no longer viable after Carawan; thus, we today recognize the primacy of Carawan and find ourselves in harmony with our colleagues *914 in the first and fourth districts on this issue.
We are further persuaded of the correctness of our ruling in the case before us by Justice Barkett's discussion in Carawan of the United States Supreme Court case of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). In Prince, the Court held that the accused could not have multiple sentences imposed for the two crimes of (1) bank robbery and (2) entering a bank to commit a felony (the felony being the completed bank robbery that was the ground of the first charge). The Court reached this decision in the face of "meager" legislative history and "concluded that Congress apparently intended the latter offense to apply only when a bank robbery is frustrated before completion, not when carried to fruition." Carawan, 515 So.2d at 168. We conclude similarly, that the crime of possession-with-intent-to-sell is a crime representing a frustrated or uncompleted sale. It can be properly charged, and the defendant can be properly convicted and sentenced on possession-with-intent-to-sell when this crime occurs in a separate act from the act of sale. Such a discreet act will occur, for example, when the defendant is arrested for the sale of the contraband and upon a search of his person or residence other contraband is found, contraband that does not comprise the substance of the completed sale.[13] Thus, our holding in the instant case protects defendants from double jeopardy violations for offenses predicated on a single act but allows proper and separate convictions when not based on a single act.
Since the result of the above application of the Blockburger test to the crimes at issue here have resulted in a prima facie showing that they are in fact one offense, we turn now to an inquiry whether the legislature has provided some contraindication that it intended multiple punishments imposed despite the presumption which arose out of the Blockburger portion of our Carawan analysis. The following language from Carawan guides us:
We find that unreasonable results sometimes may be achieved by applying no rule of construction other than Blockburger to determine the intent behind a facially ambiguous penal statute. As our courts frequently have noted, the true intent may be discerned in the circumstances and documentation accompanying a law's enactment, its evident purpose, the particular evil it seeks to remedy, the fact that it seeks to protect a particular class or remedy a special problem, or other relevant factors. [Citations omitted.] Accordingly, after first applying the Blockburger test, the court then must consider the presumption so created in light of any relevant factors that may indicate a contrary legislative intent.
515 So.2d at 167. We have investigated all relevant factors and conclude that undoubtedly this legislation was enacted to provide another weapon to law enforcement combatants in their war against the rising tide of drug abuse and its related crimes against our citizens. Indeed, chapter 893, Florida Statutes, is titled "Florida Comprehensive Drug Abuse Prevention and Control Act." Because it is impossible to foresee all the permutations that such criminal activity will take, the legislature has provided criminal sanction for each unsavory element of the evil of pandering to illegal drug use by the person who plays the role of supplier of illegal drugs, i.e., it is a crime to simply possess such drugs, to possess them with intent to sell them, and to actually effectuate the sale of them. This does not mean, however, that the constitutional protections against double jeopardy are put aside when the accused was able to go beyond the illegal act of merely possessing controlled substances with intent to sell them, and actually commits the crime of selling the substances. It is, clearly, the *915 legislature's domain to define crime and provide appropriate punishment. That elementary fact alone, however, leads to no presumption that this power is properly "exercised by punishing the same offense under more than one statutory provision, since the legislature can achieve the same result with greater economy by merely increasing the penalty for the single underlying offense." Carawan, 515 So.2d at 164. The legislature is constrained, of course, by constitutional limitations. We find no contraindication, consistent with constitutional double jeopardy protection, that the legislature intended to impose multiple punishments on component parts of the two crimes defined in this statute, both of which address the same evil of drug abuse.
The third step of the Carawan model is to apply the rule of lenity "where there is a basis for concluding that the legislature intended a result contrary to that achieved by the Blockburger test... ." Carawan, 515 So.2d at 168. Since, however, our application of the Blockburger test has resulted in a conclusion that the crimes are legally the same and we have found no contrary legislative intent, it is unnecessary to apply the third step of Carawan. We note that had we found doubt regarding legislative intent, application of the rule of lenity would achieve the same result we reach today.
We turn now to the practical implications of our analysis to the case at hand. When the trial court denied the appellant's motion to dismiss the count charging possession-with-intent-to-sell, the appellant pled nolo contendere reserving his right to appeal the denial of that motion. The court accepted his plea so qualified and adjudicated him guilty of both counts, imposing the multiple punishments. Although the trial judge's denial of the appellant's motion to dismiss the possession-with-intent-to-sell count followed this court's decision in Dukes, our decision here today would require that the motion to dismiss be granted because the count in the information charging possession-with-intent was fatally defective. The count in the information and the appellant's unrebutted showing of the facts proved that but a single act underlay both crimes charged. It was, therefore, incumbent upon the trial court to rule as a matter of law, that the count be dismissed in order to avoid a double jeopardy violation of two convictions for the same offense. Naturally, where the information is dismissed in a case like this, the state has an opportunity to refile or amend the information to charge crimes based on discrete factual acts, if it can. In this way, the trial court, as well as the appellate court, can analyze any legal differences between the charged crimes as they now must after Carawan. See Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986) (Cowart, J., dissenting). By filing a motion to dismiss, the defendant is preserving his double jeopardy rights in case the trial judge errs in denying his motion to dismiss and the defendant is later convicted of both crimes at trial. By the same token, if the trial court errs in granting the motion to dismiss when the information is not defective on double jeopardy grounds, the state has its remedy under Florida Rule of Appellate Procedure 9.140(c). We recognize that the trial judge in the instant case did not have the advantage of the Carawan opinion. What we have outlined here should clarify this perplexing area and provide future guidance in avoiding double jeopardy violations with respect to imposing multiple convictions and punishments for crimes which a Carawan analysis has shown to be the same and which are predicated upon a single act.
We reverse and remand with instructions to vacate one or the other of the appellant's convictions and to recalculate the sentence for the remaining count without the improper count being scored.
Because we find the instant issue in this case to be one of great public importance, we certify to the Florida Supreme Court the following question:
IN APPLYING CARAWAN V. STATE, 515 So.2d 161 (FLA. 1987) TO THE FACTS OF THIS CASE, DO CONVICTIONS AND SENTENCES FOR THE CRIMES OF SALE OF ONE ROCK OF COCAINE AND POSSESSION WITH INTENT TO SELL THAT SAME ROCK OF COCAINE VIOLATE THE DOUBLE *916 JEOPARDY PROTECTION PROVIDED BY THE STATE AND FEDERAL CONSTITUTIONS?
DANAHY, C.J., and RYDER and THREADGILL, JJ., concur.
NOTES
[1] The issue here does not return us to the single transaction controversy which has been put to rest by the passage of chapter 76-66, Laws of Florida, which enacted section 775.021(4), Florida Statutes. Chapter 76-66, Laws of Florida, reads:

775.021 Rules of construction 
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
This subsection (4) was later enlarged to its present form by chapter 83-156, Laws of Florida, to codify the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):
(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
[2] It is important to note that the appellant did not possess more than this one cocaine rock. Possessing other rocks that he chose not to sell in this instant act of sale but which he kept in his possession for later possible use or sale would be a separate act for which he could be separately convicted and punished. See discussion infra p. 914.
[3] The state's brief likens this instant question to the sexual battery statute which counts as separate crimes oral, vaginal and anal penetration. We are not persuaded by this argument because, while we view the separate acts in question in the sexual battery crimes as forming part of a single transaction or episode, they do not constitute a single act. Moreover, the different sexual battery crimes each contain an element the other does not under the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[4] A double jeopardy inquiry, as guided by Carawan, may or may not encompass questions of lesser included crimes. The opinion in Carawan itself did not speak to the lesser included issue when it discussed attempted manslaughter vis-a-vis aggravated battery. The case before us today does concern that issue. Carawan is authority for either sphere of inquiry.
[5] See State v. Getz, 435 So.2d 789 (Fla. 1983), for the proposition that the placement of two crimes in the same statutory provision is irrelevant in deciding if they are separate crimes.
[6] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[7] See Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979). In Daudt, where the defendant was convicted of possession and sale, his conviction for possession was reversed because there was no evidence that the defendant ever had actual or constructive possession of the contraband to support the possession count. The defendant was an aider and abettor of the sale, not of the possessing. The court did not reach the question, as we do today, whether, if there were enough evidence to support the possession charge, could the defendant have been convicted and sentenced for both sale and possession counts of the same contraband in a single act.
[8] See, e.g., State v. Dent, 322 So.2d 543 (Fla. 1975); Beasley v. State, 360 So.2d 1275 (Fla. 4th DCA 1978); State v. Hubbard, 328 So.2d 465 (Fla. 2d DCA 1976).
[9] Each and every element of the crime which the seller commits will be deemed to be committed by the broker under Chapter 777, Florida Statutes. See Florida Standard Jury Instructions in Criminal Cases (1987 ed.) which provide:

3.01 PRINCIPALS
If two or more persons help each other [commit] [attempt to commit] a crime and the defendant is one of them, the defendant must be treated as if he had done all of the things the other person or persons did if the defendant:
1. Knew what was going to happen.
2. Intended to participate actively or by sharing in an expected benefit and
3. Actually did something by which he intended to help [commit] [attempt to commit] the crime.
"Help" means to aid, plan or assist. To be a principal, the defendant does not have to be present when the crime is [committed] [attempted].
[10] See also Milhouse v. State, 521 So.2d 380 (Fla. 1st DCA 1988), where the court found that possession is an element of the crime of possession with intent to sell therefore precluding conviction for both simple possession of and possession with intent to sell contraband as a violation of double jeopardy.
[11] We recognize that the intent element is often further broken down and labeled, e.g., "general," "specific," "presumed" or "constructive." These distinctions are of value primarily when certain defenses may be available, such as involuntary intoxication, Linehan v. State, 476 So.2d 1262 (Fla. 1985), or the defenses of mistake of law or fact, see W. LaFave & A. Scott, Substantive Criminal Law § 3.5 (1986). We find such distinction irrelevant where, as here, there is no issue of affirmative defenses negating such criminal intent element.
[12] See Fletcher v. State, 428 So.2d 667 (Fla. 1st DCA 1982).
[13] It is just such scenario that we believe the supreme court had in mind in Carawan, 515 So.2d at 170, when it stated:

Thus, although a defendant may be convicted of both sale and possession under the appropriate circumstances, a defendant cannot be convicted of trafficking as well as sale and/or possession.
(Emphasis added.) Although the supreme court was discussing possession, rather than possession-with-intent-to-sell, the principle is the same.