528 So.2d 524 (1988)
John Philip PARK, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2718.
District Court of Appeal of Florida, Second District.
July 20, 1988.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his convictions for trafficking in cocaine, conspiracy to traffic in cocaine, possession of cocaine, and delivery of cocaine.
He first contends that there was a double jeopardy violation from his convictions for (1) possession and delivery and (2) trafficking. The basis for his contention is that the convictions under (1) concerned a one-gram sample which defendant sold to a detective prior to his sale several hours later to the detective of three ounces which was the basis for his conviction under (2). He argues to the effect that the sale of the one gram was a condition precedent to the sale of the three ounces and that, therefore, both sales were a part of one transaction. *525 Citing Carawan v. State, 515 So.2d 161 (Fla. 1987), he argues, inter alia, that both sales involved the same evil. We do not agree.
As Carawan says, "the legislature intended the crimes of sale and possession to cover only those situations where an individual violated the drug laws without possessing and selling the quantities of contraband that otherwise would constitute `trafficking.'" Id. at 170. Here the defendant, through the crimes of possession and delivery of the one gram, violated the drug laws separate and apart from his trafficking of the three ounces. The detective's purchase of one gram for $80.00 was consummated well prior to his purchase of the three ounces.
Defendant also contends that there was a double jeopardy violation from his convictions for both delivery and possession of the one gram. We agree. See Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). This contention was properly raised on appeal notwithstanding that it was not raised below. See Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987) (en banc).
Defendant further contends that the trial court erred in failing to instruct the jury on possession and delivery as lesser included offenses of conspiracy to traffic. We disagree. See Munroe v. State, 514 So.2d 397 (Fla. 1st DCA 1987), rev. den., 519 So.2d 987 (Fla. 1988).
Affirmed in part, reversed in part and remanded. Upon remand the trial court shall vacate one or the other of defendant's convictions for delivery and possession of the one gram and shall recalculate the scoresheet for the remaining convictions and resentence defendant with respect to the recalculated scoresheet if a different sentence is called for.
RYDER, A.C.J., and FRANK, J., concur.