RYDER, Acting Chief Judge.
On June 27, 1986, two undercover officers were driving through an area of Hills-borough County when they were flagged down by two black males and a black female. After the officers stopped, appellant approached their vehicle. One of the officers asked if appellant and his companions had any “rock.” Appellant went back to the other black male, took something from the other black male, and returned to the officers with cocaine in his hand. The officers gave appellant two marked five dollar bills in exchange for the cocaine.
After the exchange, the officers drove away. A backup unit moved in and arrested the two black males. The two undercover officers circled back and identified the men that were arrested. Appellant was subsequently searched. Appellant did not have any drugs or marked bills.
Appellant was charged with one count of delivery of cocaine and one count of possession of cocaine in violation of sections 893.-13(l)(a)(l) and 893.13(l)(e), Florida Statutes (1985). After a jury trial, appellant was found guilty on both counts.
On appeal, appellant contends that the trial court erred in convicting appellant of both delivery of cocaine and possession of that same cocaine. Appellant contends that conviction of both offenses violated the double jeopardy clauses of the United States and Florida Constitutions. We agree. The legal analysis necessary for our disposition has been provided in Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988) and will not be repeated here.
Possession contains a single element: possession. Delivery is defined as “the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.” Fla.Std. Jury Instr. (Crim.), p. 220. Thus, although delivery contains an element that possession does not contain: delivery, possession does not contain an element that delivery does not also contain. Possession of cocaine is an inherent element of delivery of cocaine.
*347 We reverse and remand with instructions to vacate one or the other of appellant’s convictions and to recalculate the sentence for the remaining count without the improper count being scored.
DANAHY and THREADGILL, JJ., concur.