RYDER, Acting Chief Judge.
On March 25, 1987, appellant approached two undercover officers. Appellant asked the officers what they needed. The officers asked appellant if there were any “happenings” [crack cocaine] out there. Appellant responded that there were and the officers asked for a twenty dollar piece of crack cocaine. Appellant showed the officers a white substance. The officers gave appellant a marked twenty dollar bill and took the white substance.
After the exchange, the officers broadcast appellant’s description to a backup unit. Appellant was quickly apprehended. The undercover officers identified appellant as the man who sold them the cocaine.
Appellant was charged with one count of possession of cocaine and one count of delivery of cocaine in violation of sections 893.13(l)(a)(l) and 893.13(l)(e), Florida Statutes (1987). After a jury trial, appellant was found guilty as charged.
On appeal, appellant contends that the trial court erred in convicting appellant of both delivery of cocaine and possession of that same cocaine. Appellant contends that conviction of both offenses violated the double jeopardy clauses of the United States and Florida Constitutions. We agree. The legal analysis necessary for our disposition has been provided in Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988) and will not be repeated here.
Possession contains a single element: possession. Delivery is defined as “the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.” Fla.Std.Jury Instr. (Crim.), p. 220. Thus, although delivery contains an element that possession does not contain: delivery, possession does not contain an element that delivery does not contain. Possession of cocaine is an inherent element of delivery of cocaine.
We reverse and remand with instructions to vacate one or the other of appellant’s convictions and to recalculate the sentence for the remaining count without the improper count being scored.
DANAHY and THREADGILL, JJ., concur.