529 So.2d 807 (1988)
Joseph L. RAMOS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2962.
District Court of Appeal of Florida, Second District.
August 10, 1988.
James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
In this appeal, Ramos challenges his convictions and sentences for possession and delivery of cocaine and conspiracy to traffic in cocaine. We affirm the conspiracy conviction and sentence, but remand the case to the trial court to vacate either the possession or delivery conviction and sentence.
Ramos was charged in an information with possession and delivery of cocaine and conspiracy to traffic in cocaine, all arising from a single incident, in which Ramos conspired with an intermediary, Michael Cain, to supply eight ounces of cocaine, a trafficking amount, to an undercover officer in exchange for $12,000. Ramos had been unable to obtain possession of the full eight-ounce amount to complete the transfer so that he delivered only 27.1 grams, slightly less than one ounce, with the *808 agreement that he would supply the remainder at a later time.
Although Ramos raises four issues in the appeal, the only two which merit discussion concern an asserted double jeopardy violation resulting from Ramos receiving multiple punishments for the same offense. Specifically, Ramos maintains that contemporaneous convictions and sentences for the offenses of possession and delivery of cocaine constitute double jeopardy as do the concomitant convictions of conspiracy to traffic in cocaine and the offenses of possession and delivery. We agree only with the first aspect of Ramos' argument finding that possession and delivery of cocaine, contrary to section 893.13(1)(a), Florida Statutes (1985), which, as here, stem from a single act, are the same offense for double jeopardy purposes and punishable but once.
This court's recent decision in Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), held that the offenses of possession and sale also established under section 893.13(1)(a), involving the same quantity of cocaine, resulted in twice punishing the defendant for the same offense contrary to the protection against double jeopardy. Since Ramos' single act of possessing and delivering 27.1 grams of cocaine is punishable under the same statute implicated in Gordon,[1] we must conclude, adopting the reasoning expressed in Gordon, that the legislature intended to punish these offenses only once and not as separate crimes.
We find no constitutional prohibition, however, with punishing Ramos for conspiring to traffic in a trafficking amount of cocaine  eight ounces  at the same time he is being punished for possession or delivery of 27.1 grams of that trafficking amount. Ramos' reliance on Carawan v. State, 515 So.2d 161 (Fla. 1987) for the contrary proposition is misplaced. Throughout its Carawan decision, the supreme court maintained that any double jeopardy analysis must turn upon the legislature's intent to establish the same or separate offenses if such intent could be discerned from a review of the applicable statute or statutes and any accompanying legislative history or documentation.
The conspiracy to traffic statute under which Ramos was charged, section 893.135(5), Florida Statutes (1985), states:
Any person who agrees, conspires, combines, or confederates with another person to commit any act prohibited by subsection (1) is guilty of a felony of the first degree and is punishable as if he had actually committed such prohibited act. Nothing in this subsection shall be construed to prohibit separate convictions and sentences for a violation of this subsection and any violation of subsection (1).

§ 893.135(5), Fla. Stat. (1985) (emphasis supplied). Trafficking in cocaine is defined under section 893.135(1)(b) as follows:
Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of 28 grams or more of cocaine as described in § 893.03(2)(a)4 or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine".
§ 893.135(1)(b), Fla. Stat. (1985)
Since the legislature plainly stated its intent to punish conspiracy to traffic in cocaine separate from the act of trafficking in that substance, and trafficking includes the acts of possession and delivery, it reasonably follows that the legislature also intended that a conviction and sentence for conspiracy to traffic in cocaine may be obtained, consistent with double jeopardy concerns, separate and distinct from a conviction for possession or delivery of that cocaine.[2]Cf. Campbell v. State, 517 So.2d 696 *809 (Fla. 2d DCA 1987) (prohibiting a simultaneous conviction for trafficking in addition to possession and sale of the same cocaine on double jeopardy grounds).
Accordingly, we affirm the conspiracy conviction and remand the case to the trial court to vacate either the possession or delivery conviction and sentence in a manner consistent with the views expressed in this opinion.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[1] Gordon involved section 893.13(1)(a) which provides in part:

Except as authorized by this and chapter 499, it is unlawful for any person to sell, purchases, manufacture, or deliver, or possess with intent to sell, purchase, manufacture, or deliver, a controlled substance.
[2] The "or" when referring to possession or delivery becomes necessary by virtue of our decision in this case that possession and delivery of cocaine are the same offense for purposes of double jeopardy and Ramos may be punished for one or the other offense but not both.