THREADGILL, Judge.
Appellant was charged with trafficking in cocaine, conspiracy to traffic in cocaine, delivery of cocaine and possession of cocaine. He contends that separate convictions for each of these offenses constitutes double jeopardy.
This court’s decision in Park v. State, 528 So.2d 524 (Fla. 2d DCA 1988) is controlling. As in Park, this appellant produced and delivered a test sample of cocaine to an undercover detective, before later delivering a large amount of cocaine. Because the transfer of the sample occurred at a separate time from the production of the large quantity of cocaine, the separate convictions for possession and de *594 livery of cocaine and for the trafficking and conspiracy to traffic in cocaine do not violate the double jeopardy rule.
With respect to the possession and delivery of the small sample of cocaine, however, we find there was a double jeopardy violation. In Park v. State, on similar facts, we cited Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), which contained a thorough analysis of this question. See Carawan v. State, 515 So.2d 161 (Fla. 1987). This issue was properly raised on appeal notwithstanding that it was not raised below. See Williams v. State, 516 So.2d 975 (Fla. 5th DCA 1987) (en banc).
Appellant also contends that the trial court erred in sentencing him beyond the guidelines range because of the large quantity of cocaine. The state agrees that after the Florida Supreme Court’s decision in Atwaters v. State, 519 So.2d 611 (Fla.1988), the quantity of the contraband is an invalid reason for departure.
Accordingly, we affirm in part and reverse in part. Upon remand the trial court shall vacate either the conviction for possession or delivery of cocaine, recalculate the scoresheet, and resentence appellant on the remaining counts. See Fla.R.Crim.P. 3.701(d)(9).
CAMPBELL, C.J., and SCHEB, J., concur.