SCHEB, Acting Chief Judge.
The defendant claims his conviction and sentence for sale and possession of cocaine violates the federal and state constitutional prohibition against double jeopardy. We agree.
The state charged the defendant with sale and possession of cocaine, violations of sections 893.13(l)(a) and 893.13(l)(e), Florida Statutes (1987). The offenses occurred when the defendant sold cocaine “hand to hand” to a St. Petersburg undercover detective for $20. The jury found the defendant guilty of both charges. The court sentenced the defendant to seven years’ imprisonment.
Convictions and sentences for both sale and possession based on a single act violate an individual’s double jeopardy rights. Hatten v. State, 542 So.2d 1061 (Fla. 2d DCA 1989); Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). See also, Blanca v. State, 532 So.2d 1327 (Fla. 3d DCA 1988). We reject the state’s argument that the defendant cannot raise this claim on appeal because he failed to raise it in the trial court. Park v. State, 528 So.2d 524 (Fla. 2d DCA 1988); Velez v. State, 528 So.2d 525 (Fla. 2d DCA 1988).
We affirm defendant’s conviction and sentence for sale of cocaine, but we vacate his conviction and sentence for possession of cocaine. We remand for resentencing.
HALL and THREADGILL, JJ., concur.