SCHOONOVER, Judge.
The appellant, Stanley Dwayne Cobb, challenges the judgments and sentences imposed upon him after he pled guilty to violating the terms and conditions of his community control and to three new offenses. We find that the appellant was improperly convicted of one count of possession of cocaine and that we must remand for resentencing.
The appellant was originally sentenced, pursuant to a guilty plea, to serve eighteen months on community control to be followed by eighteen months of probation for five charges of sale of cocaine and five charges of possession of cocaine. The state subsequently charged the appellant with violating his community control and filed a new information charging him with sale of cocaine, possession of cocaine, and obstructing an officer without violence. The new offenses were alleged to have been committed on August 6, 1987. The appellant pled guilty to violating the terms of his community control and to the new *1364 charges. The trial court sentenced the appellant to serve twelve years in prison on each of the sale charges and five years in prison on each of the possession charges. The appellant was sentenced to time served on the obstructing charge. This timely appeal followed.
The appellant contends that the trial court erred by adjudicating him guilty of both sale and possession of cocaine in connection with the August 6, 1987, incident. We agree. The complaint/arrest affidavit executed by the arresting officer in connection with the incident indicates that the appellant committed a single criminal act, i.e., the sale of the same cocaine he possessed. This affidavit was the basis for the subsequent information filed by the state. Accordingly, the appellant could not be convicted and sentenced for both sale and possession of the same cocaine. Carawan v. State, 515 So.2d 161 (Fla.1987); Gordon v. State, 528 So.2d 910 (Fla.2d DCA 1988), approved sub nom. State v. Smith, 547 So.2d 613 (Fla.1989). Therefore, the appellant’s conviction and sentence for possession of cocaine on August 6, 1987, must be vacated.
The appellant also contends that he was improperly sentenced on all charges because an updated scoresheet was not prepared at the time he was sentenced. The state agrees that the record does not reflect the presence of a proper scoresheet. We, therefore, reverse and remand for re-sentencing based upon a proper scoresheet which does not reflect a conviction for possession of cocaine on August 6, 1987.
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, C.J., and ALTENBERND, J., concur.