SCHOONOVER, Judge.
The appellant, Thad F. Bissonette, filed a notice of appeal from ten judgments and sentences entered in three cases filed against him in the Pinellas County Circuit Court. In his brief, however, the appellant only contends that the trial court erred in case CRC8611860CFANO-I. In that case, the appellant was charged with two counts of unlawful sale of cocaine and two counts of unlawful possession of cocaine. We find that the trial court erred when it sentenced the appellant for both the sale and possession charges, but affirm in all other respects.
The state and the appellant entered into a negotiated plea whereby the appellant agreed to plead guilty to all of the charges filed against him in exchange for a sentence that would not exceed thirty years in prison. The court accepted the plea bargain and sentenced the appellant accordingly. The appellant was sentenced to serve concurrent sentences of fifteen years for each of the sale charges contained in case CRC8611860CFANO-I and five years for each of the possession charges. He filed a timely notice of appeal.
The appellant was charged by a four count information with the sale and possession of cocaine on March 6, 1986, and the sale and possession of cocaine on March 13, 1986. He contends that the charges on March 6 resulted from a single act and that the charges on March 13 were also from a single act and the trial court, therefore, erred by finding him guilty and sentencing him on both the sale and possession charges. We agree. The complaint/arrest affidavit filed in connection with one of the days in question indicates that the appellant committed a single act of selling cocaine to an undercover officer. The state, furthermore, has failed to produce any evidence disputing the appellant’s representation that the sale and possession charges arose from a single act. See DiGrazia v. State, 551 So.2d 591 (Fla.2d DCA 1989). Since each possession charge arose out of the single act of a sale of the same quantity of cocaine, the possession convictions must be stricken. Gordon v. State, 528 So.2d 910 (Fla.2d DCA 1988), approved sub nom. State v. Smith, 547 So.2d 613 (Fla.1989). See also DiGrazia.
Because the appellant pled guilty to ten offenses pursuant to a negotiated plea, and the result of our decision in this case does not alter the terms of that plea or the resulting sentences, the appellant does not have to be resentenced.
We, accordingly, reverse the two convictions for possession of cocaine in CRC8611860CFANO-I and remand for the entry of an amended judgment and sentence form in that case. We affirm in all other respects.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, C.J., and ALTENBERND, J., concur.