PARKER, Judge.
Albert St. Clair appeals his convictions for possession of cocaine and delivery of cocaine. We vacate St. Clair’s conviction for possession of cocaine because there was no proof at trial that St. Clair ever possessed cocaine. We affirm St. Clair’s conviction for delivery of cocaine.
The issue which we must resolve in this appeal is the following:
Can a defendant, in a multiple person sale or delivery of an illegal drug, be convicted of sale or delivery without being convicted of possession of that drug *244 or any drug remaining in the possession of the person who actually sold or delivered the illegal drug?
In this ease, a Tampa police officer utilized a confidential informant named Evans to purchase cocaine on the street. Evans testified that he approached one man, but did not buy cocaine from him because Evans objected to the size of the cocaine rocks. St. Clair, standing nearby, said to Evans, “You want a twenty dollar rock. Hold on, I get you a twenty dollar rock.” St. Clair waved across the street to a man sitting in a car. The man left the car, walked over to Evans, and told Evans to pick out one of several rocks that the man held in his hand. Evans picked out a rock and gave the man a marked bill. The man returned to his car. St. Clair went over to talk to the man and then left the area. St. Clair was convicted of delivery of cocaine and possession of cocaine.
This court, in Elias v. State, 301 So.2d 111 (Fla. 2d DCA 1974), cert. denied, 312 So.2d 746 (Fla.1975), has held that a defendant can be convicted of sale of an illegal drug without proof of possession of that drug. This court recognized that a defendant, after receiving a verdict of acquittal from the court on a possession of heroin charge, could still be found guilty of sale of heroin, without any proof that the defendant ever possessed the heroin because the evidence was legally sufficient to convict the defendant as an aider and abetter[1] of the sale.
A similar situation arose in Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979), cert. denied, 376 So.2d 76 (Fla.1979). Daudt was convicted of sale and possession of marijuana. At the request of an undercover police officer who posed as a prospective buyer, Daudt phoned his source, Ro-venick, to obtain marijuana. Daudt and the undercover officer then drove to a row of storage garages where they met Roven-ick. Rovenick had noticed a vehicle across the street and requested that Daudt act as a lookout. Daudt, therefore, never handled any of the marijuana. The sale was completed, and Daudt was arrested. This court held:
There is no evidence whatsoever that appellant ever had actual possession or control of the marijuana. Nor was constructive possession established. Although appellant knew of the presence of the marijuana there is no evidence that it belonged to or was under the control of the appellant. At best, the evidence establishes that appellant brought the parties to the transaction together and expected to be paid for such service....
... Appellant aided and abetted Ro-venick in selling the marijuana, but not in possessing it. Rovenick already possessed the marijuana; there is no showing that appellant was of any help to Rovenick in either acquiring it or retaining possession of it. On the contrary, appellant aided Rovenick in divesting himself of it.
Daudt, 368 So.2d at 53-54.
The second district ruled consistently with these holdings in the case of Dukes v. State, 464 So.2d 582 (Fla. 2d DCA 1985). In Dukes, this court held that the offense of sale does not require proof of possession. However, without receding from either Daudt or Elias, this court in Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), affd sub nom. State v. Smith, 547 So.2d 613 (Fla.1989) held that possession was an element of the offenses of possession with the intent to deliver and sale. In a per curiam opinion, this court stated:
We begin our discussion with the possession element of these two crimes. A defendant cannot be convicted of either crime unless he is deemed, at law, to have had some sort of possession of the *245 contraband. As to the crime of sale, a defendant need not be the actual possessor of the contraband although such actual possession will naturally result in criminal sanctions as in the instant case. The possessory element can be shared by others legally responsible for the crime. For example, a person acting as a go-between or broker may arrange for or be the moving force in the sale of contraband, yet never have either actual nor constructive possession of the contraband. In such a case, the act of the seller who has actual possession of the contraband becomes the act of the broker. The broker is deemed to have the same possession as the seller and can be convicted as a principal of the crime of sale under Chapter 777, Florida Statutes.
Gordon, 528 So.2d at 912 (footnotes omitted). The Gordon court also found that Dukes’ holding that sale does not require proof of possession was no longer viable after Carawan.[2]
We recognize that the supreme court approved Gordon in State v. Smith, 547 So.2d 613 (Fla.1989); however, Smith did not address the Gordon rationale and appeared to approve merely of the result reached in Gordon. We find support for the conclusion that the supreme court has not approved of the Gordon reasoning in the post-Carawan decision of State v. Daophin, 533 So.2d 761 (Fla.1988). The Daophin court stated:
The question for us is whether the jury instructions are in error in not listing simple possession as a necessarily lesser included offense of the trafficking by delivery. Alternatively stated, may an accused be guilty of delivery without actually or constructively possessing the contraband? Through the law of principals, it is quite possible for an accused to aid, abet, counsel, hire, or otherwise procure the delivery of contraband without having actual or constructive possession of the contraband. § 777.011, Fla.Stat. (1983). The case at hand is illustrative. Respondent was one of five codefend-ants. One of the defendants set up a sale of over 1,000 grams of cocaine to an undercover police officer. Respondent and the three other codefendants assisted in the delivery of the contraband. The total operation involved five people and three different vehicles. While it is clear that all five defendants were principals in the delivery, it cannot be said that all five were principals in the possession of the contraband. Thus, the answer to the certified question is no. Simple possession is not a necessarily lesser included offense of trafficking by delivery.
Daophin, 533 So.2d at 762.
We have considered the cases set forth in the dissent, most of which are cases resolving a double jeopardy question. The issue in the instant appeal, however, is strictly a question of proof. We, therefore, find that the cases dealing with double jeopardy are unavailing in reaching the issue in this case which is whether there was proof at trial that St. Clair possessed cocaine.
Based on our review of the cases set forth in this opinion, we conclude that it is necessary to recede from the language in Gordon quoted earlier in this opinion which states that a defendant must be guilty of possession of an illegal drug if he is guilty of sale or delivery of that drug.[3] We believe that our receding from this language in Gordon is consistent with the supreme court’s affirmance of the result reached in Gordon in its Smith decision. We readopt our previous position set forth in Elias, Daudt, and Dukes. By this decision we reaffirm the result reached in Gordon.
We vacate the conviction for possession of cocaine and affirm St. Clair’s conviction *246 for delivery of cocaine. We remand to the trial court for correction of the judgment.
SCHOONOVER, C.J., and SCHEB, RYDER, FRANK, HALL, THREADGILL, PATTERSON and ALTENBERND, JJ., concur.
DANAHY, J., dissents with opinion.
CAMPBELL and LEHAN, JJ., concur with dissent.

. Section 777.011, Florida Statutes (1987) provides:
Principal in first degree. — Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.

. Carawan v. State, 515 So.2d 161 (Fla.1987).

. The first district has rejected the Gordon rationale. Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989) (en banc), review dismissed, 560 So.2d 235 (Fla.1990). In a decision after Gordon, the fifth district has held that under the applicable statutes, a sale or delivery can occur without possession. Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990). The Davis court acknowledged conflict with this court’s opinion in V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990). V.A.A. employed the Gordon analysis in resolving a double jeopardy issue.