428 So.2d 667 (1982)
Mike FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. AE-460.
District Court of Appeal of Florida, First District.
August 31, 1982.
Rehearing Denied November 16, 1982.
P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant seeks review of his convictions and sentences for the possession with intent to sell and the sale of cannabis, asserting the trial court erred in failing to grant his motion for judgment of acquittal for the possession charge and in sentencing appellant for both convictions. We affirm the conviction but reverse the sentence.
On December 31, 1980, appellant met Officer Mooring in a lounge in Panama City Beach. After a brief conversation, appellant agreed to sell Mooring an ounce of cannabis. The pair then drove to an abandoned restaurant where appellant obtained a baggie of cannabis and handed it to Mooring. Appellant's motions for judgment of acquittal were denied and the jury convicted appellant as charged.
Appellant first asserts the trial court erred in failing to grant his motion for judgment of acquittal for the possession charge because the evidence did not demonstrate appellant ever possessed cannabis. Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979). A motion for judgment of acquittal is appropriate only where there is no legally sufficient evidence on which the jury may *668 find defendant guilty. McKnight v. State, 341 So.2d 261 (Fla. 3d DCA 1977). In this case, the evidence reveals Officer Mooring's testimony that appellant went into the abandoned restaurant and returned with the cannabis. This is sufficient evidence to affirm the denial of the motion for judgment of acquittal.
Appellant also asserts the trial court erred in sentencing appellant for the conviction of possession of cannabis and for the sale of cannabis. Section 775.021 provides in part:
(1) The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
... .
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
Since the record demonstrates appellant was charged with two counts of violating section 893.13(1)(a) (possession of cannabis with intent to sell and the sale of cannabis), the record does not demonstrate the violation of "two or more criminal statutes" as required for multiple sentencing. Accordingly, the provisions of section 775.021(4) cannot apply to permit sentencing on both counts.
Accordingly, the sentence is REVERSED and the cause REMANDED to the trial court with instructions to resentence appellant for one of the convictions.
BOOTH and JOANOS, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellee attacks the assumption, implied in our original opinion in this case, that possession with intent to sell is a lesser included offense of sale of a controlled substance. Section 893.13(1)(a) Florida Statutes (1981). Appellee argues that proof of the completed sale is not required for conviction of possession with intent to sell, and therefore, since one offense required proof of an element the other did not, there is no lesser included offense. This is not the test. The same act violates two statutes only if "each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) (emphasis added); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). Although sale of a controlled substance contains an element of proof which possession with intent to sell does not, i.e. the completed sale, in the case sub judice possession with intent to sell contained no elements of proof not also required to prove sale. Therefore, a lesser included offense is involved in the case at bar. Borges v. State, 415 So.2d 1265 (Fla. 1982); Brown v. State, 206 So.2d 377 (Fla. 1968); Hines v. State, 401 So.2d 878 (Fla. 3d DCA 1981); Williams v. State, 377 So.2d 755 (Fla. 1st DCA 1979).
The motion is DENIED.
BOOTH and JOANOS, JJ., concur.