ZEHMER, Judge.
The issue before us in these consolidated appeals is whether the appellants were placed in double jeopardy in violation of the federal and state Constitutions when they were tried upon an information charging them in one count with possession of a controlled substance[1] and in another count with manufacture or possession with intent *238 to distribute a controlled substance.[2] We hold that appellants’ double jeopardy rights were not violated and affirm the judgment of the trial court.
The trial court denied appellants’ motion to dismiss the possession count on double jeopardy grounds, ruling that possession is not the “same” offense as manufacture or possession with intent to distribute. The court allowed both counts to go to the jury, and a guilty verdict was returned as to each count. Appellants were adjudged guilty of the charge of unlawful manufacture or possession of cannabis with intent to distribute and were sentenced to one year in jail and five years probation. The court did not adjudicate appellants guilty or sentence them on the possession charge.
According to the Supreme Court’s recent opinion in Bell v. State, 437 So.2d 1057 (Fla.1983), an individual may be tried upon an information charging two offenses, one of which is a lesser-included offense of the other, without violating the prohibition against double jeopardy as long as the trial judge instructs the jury that it can return a guilty verdict only as to one of the two offenses.[3] According to Bell, the double jeopardy clause protects a defendant from being convicted and sentenced on two offenses which are the “same” for double jeopardy purposes. In the present case, the trial judge did not enter an adjudication of guilt on the possession charge; therefore, appellants’ double jeopardy rights have not been violated.
Although the trial judge committed error in allowing both counts to go to the jury without an instruction that they could return a guilty verdict only as to one of the counts, this error was harmless since appellants were adjudicated guilty and sentenced on only one charge.
Our independent review of the record reveals that the trial court has not finally disposed of the possession charge against appellants. We affirm the judgment and sentence against appellants on the count of manufacture or possession with intent to distribute; however, we remand to the trial court for entry of an appropriate order dismissing Count I of the information.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH, J., concur.

. That count alleged a violation of Section 893.-13(l)(e), Florida Statutes (1981), which provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.-083, or s. 750.084.

. That count alleged a violation of Section 893.-13(l)(a), which provides in part:
Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
* * * * * *
2. A controlled substance named or described in s. 893.03(l)(c), (2)(c), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084.

. Appellants have correctly noted that possession of cannabis is not a lesser-included offense of manufacture or possession of cannabis with intent to distribute because both offenses are punishable as third-degree felonies. Ray v. State, 403 So.2d 956 (Fla.1981). However, as noted by the Supreme Court in Bell:
For double jeopardy purposes, lesser included offenses are tantamount to the greater offense charged if all the constituent essential elements of such lesser offenses are included within the elements of such greater offense. 437 So.2d at 1058.
In other words, for double jeopardy purposes, two offenses are considered to be the “same” offense if one of the offenses fails to require proof of an element not required by the other offense. Although possession is not a lesser-included offense of manufacture or possession with intent to distribute, because both offenses are punishable as third-degree felonies, they are considered the "same” offense for double jeopardy purposes.