524 So.2d 461 (1988)
Ben SMITH, Jr., Appellant,
v.
STATE of Florida, Appellee.
Tyrone BYRD, Appellant,
v.
STATE of Florida, Appellee.
Edwardo Ciannelli TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
Terry Joe JACKSON, Appellant,
v.
STATE of Florida, Appellee.
Jimmy Lee CARTER, Appellant,
v.
STATE of Florida, Appellee.
Terry Leon TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
Donald Leroy ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
Ivan Garrison GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
James WIGGINS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-0007, 87-0085 to 87-0090, 87-0159, 87-0549 and 87-0550.
District Court of Appeal of Florida, Fourth District.
April 13, 1988.
Rehearing Denied May 25, 1988.
Richard L. Jorandby, Public Defender, Mark A. Jones and Thomas F. Ball, III, Asst. Public Defenders, West Palm Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Reversed in part and remanded with instructions to vacate appellants' convictions and sentences for possession of cocaine with intent to sell. Under the facts of this case we do not believe the appellants could properly be convicted and sentenced for both the sale and possession with intent to sell of the same cocaine sold to undercover police agents in street transactions videotaped by other police officials. See Fletcher v. State, 428 So.2d 667 (Fla. 1st DCA 1982), rev. denied, 430 So.2d 452 (Fla. 1983), and Carawan v. State, 515 So.2d 161 (Fla. 1987). We acknowledge that the Fletcher decision and our holding herein are in direct conflict with the holding in Dukes v. State, 464 So.2d 582 (Fla.2d DCA 1985), so that the parties may have this issue resolved by the Florida Supreme Court.
ANSTEAD, DELL and STONE, JJ., concur.