STONE, Judge.
The appellant bought and received a single cocaine rock from an undercover deputy. He was charged, in separate counts, with the purchase and with the possession of a controlled substance. The defendant entered a plea to both crimes, reserving the right to appeal the issue of whether separate convictions and sentences may be entered for both the purchase and the possession of the same controlled substance by a single act committed at the same time and place.
The double jeopardy clauses of the Federal and Florida constitutions prohibit the imposition of multiple punishments for a single offense. However, essentially, the issue of whether a single offense has been committed is one of determining legislative intent. E.g., Albernaz v. United States, 450 U.S. 333,101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Carawan v. State, 515 So.2d 161 (Fla.1987); State v. Carpenter, 417 So.2d 986 (Fla.1982).
A separate offense for the purchase of a controlled substance, section 893.13(l)(a), Florida Statutes, was made criminal by a 1987 amendment to the statute. The simple possession of a controlled substance is prohibited by subsection (l)(f) of the same act.
This court has previously held that a defendant may not be convicted for both the sale of cocaine and possession with intent to sell the same cocaine. See Smith *284 v. State, 524 So.2d 461 (Fla. 4th DCA 1988); Taylor v. State, 531 So.2d 1066 (Fla. 4th DCA 1988). Accord Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). We have also determined that a defendant may not be convicted of both the sale and possession of the same cocaine at the same time and place. Brazell v. State, 532 So.2d 50 (Fla. 4th DCA 1988). Accord Vargas v. State, 541 So.2d 1238 (Fla. 3d DCA 1989); Blanca v. State, 532 So.2d 1327 (Fla. 3d DCA 1988).
In Carawan v. State, the supreme court described the analysis, reasoning, and tests to be applied in determining whether the legislature intended dual punishments to be imposed where the defendant contends that he or she has been placed in double jeopardy for a single offense. See also Gordon v. State. We note that in this case we are presented solely with a single act episode and not with the possibility of multiple criminal acts or events. See generally Carawan v. State; Gordon v. State.
Were it not for the amendment to section 775.021(4) subsequent to Carawan, we might well have deemed this single act factor significant in evaluating whether the legislature would have intended the arguably unreasonable result in this case. Dual convictions here may be particularly questionable considering that the apparent need to create a separate and distinct crime for a “purchase” may well reflect a legislative intent to punish buying as a felony in those cases where the buyer is not found in possession of the purchased drugs. Previously, in the absence of proof of actual or constructive possession, such a purchaser would only have been charged with a misdemeanor attempt to commit a third degree felony.
Here, we first determine that there is no clear statement of legislative intent[1] regarding dual penalties for the commission of these offenses by a single act at the same time and place. We therefore apply the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In applying this test,
the court must determine whether each offense as defined in the statute requires proof of a fact that the other does not, without regard to the accusatory pleadings or proof adduced at trial. If they do not, the offenses are presumed to be the same, and multiple punishments are improper in the absence of express legislative authorization.... On the other hand, if each offense indeed requires proof of a fact that the other does not, the court then must find that the offenses in question are separate, and multiple punishments are presumed to be authorized.... (citations omitted)
Carawan, 515 So.2d at 167-68. Applying that test we conclude that the state is correct in contending that each offense requires proof of a fact that the other does not. Therefore, dual convictions and punishments are permissible. Possession is not required to purchase, and purchase is not required to possess contraband. The supreme court itself in Carawan recognized that the sale of drugs can constitute a separate crime from possession. Id. at 170.
Section 775.021(4), Florida Statutes (Supp.1988), as amended, provides:
775.021 Rules of construction.—
[[Image here]]
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial, (emphasis added)
*285 (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The third prong of the Carawan analysis, the application of the rule of lenity, must now be read in accordance with the legislative intent expressed in the language of section 775.021(4), even if there may be an independent reasonable basis for arriving at a contrary intent. Here none of the exceptions in (4)(b)l, 2, or 3 apply. In State v. Barritt, 531 So.2d 338, 339-41 (Fla.1988), Justice Shaw, concurring specially, noted that section 775.021(4), as amended, had a substantial impact on prior supreme court opinions, including Carawan. See also Clark v. State, 530 So.2d 519 (Fla. 5th DCA 1988).
We recognize that where a single act offense is not part of a series of acts, the use of the phrase, “in the course of one criminal transaction or episode,” may leave the statute open to a more narrow interpretation of its impact on the third prong of Carawan. See generally Carawan, 515 So.2d at 170 n. 8; Gordon, 528 So.2d at 910 n. 1. However, we consider such an interpretation of the amended statute to be strained. Pursuant to the statute, in the absence of an exception, a defendant who commits an act which constitutes more than one offense must, where each offense requires proof of an element that the other does not, be sentenced for each offense.
We therefore affirm the judgment and sentences. Since the application of this statute affects a portion of the Carawan analysis, we certify the following questions to the supreme court:
1. DO CONVICTIONS FOR THE CRIMES OF PURCHASE OF A CONTROLLED SUBSTANCE AND POSSESSION OF A CONTROLLED SUBSTANCE ARISING OUT OF AN ACT INVOLVING ONLY ONE ROCK OF COCAINE CONSTITUTE DOUBLE JEOPARDY?
2. WHAT IS THE AFFECT OF SECTION 775.021(4), FLORIDA STATUTES (SUPP.1988) ON THE APPLICATION OF THE ANALYSIS IN CARAWAN V. STATE?
GUNTHER and GARRETT, JJ., concur.

. We do not consider the Senate Staff Analysis and Economic. Impact Statement, which we have reviewed, sufficient to provide a clear statement of legislative intent on the issue of dual punishments.