549 So.2d 687 (1989)
Larry WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1908.
District Court of Appeal of Florida, First District.
August 16, 1989.
Rehearing Denied October 24, 1989.
*688 Michael E. Allen, Public Defender and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Larry Wheeler appealed his judgment and sentence for sale of cocaine and possession of cocaine with intent to sell, each a violation of section 893.13(1)(a), Florida Statutes (1985), asserting that multiple punishments for both crimes, arising out of a single transaction involving the same controlled substance, violated double jeopardy principles. We convened en banc to reconcile an internal conflict among decisions of this court and to consider this issue in light of the Second District Court of Appeal's decision in Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved, State v. Smith, 547 So.2d 613 (Fla. 1989).[1] While we reach the same conclusion as Gordon, we reject its rationale and hold that the legislative intent, as evinced by the structure of section 893.13(1)(a), was not to punish for both possession of a controlled substance with the intent to sell it and the sale of the same controlled substance in the same transaction. Therefore, we reverse and remand to the trial court for vacation of one of the convictions and for resentencing.
At common law the "single transaction rule" prohibited multiple convictions for offenses arising out of a single transaction where each offense was a facet of the transaction. Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942); Martin v. State, 251 So.2d 283 (Fla. 1st DCA 1971); Yost v. State, 243 So.2d 469 (Fla. 3d DCA 1971). In 1974, the Florida Legislature created section 775.021, Florida Statutes, which provided the rules of construction for the new criminal code. Section 775.021(4), enacted in 1976,[2] abrogated the "single transaction rule." Borges v. State, 415 So.2d 1265 (Fla. 1982). The 1983 legislature amended section 775.021(4) to incorporate the Blockburger test.[3]
*689 In Carawan v. State, 515 So.2d 161, 166-67 (Fla. 1987), the Florida Supreme Court cautioned that the legislature intended section 775.021(4) and its incorporation of Blockburger to be a rule of construction only and not to carry the weight of constitutional law, and warned that "an exclusive Blockburger analysis sometimes leads to a result contrary to common sense." The court recognized the power of the legislature to define crimes and punishments, subject to constitutional limitations, but presumed that the legislature would not exercise this prerogative by punishing the same offense under more than one statutory provision, "since the legislature can achieve the same result with greater economy by merely increasing the penalty for the single underlying offense." Id. at 164.
The Carawan court found that, absent a clear indication of the legislative intent,[4] it must first be determined whether under Blockburger the two offenses are equivalent or separate. If the offenses are equivalent, multiple punishments are presumed improper in the absence of express legislative authorization. If the offenses are separate, multiple punishments are presumed intended, "a presumption that nevertheless can be defeated by evidence of a contrary legislative intent." Id. at 165.
If the Blockburger test for separate offenses is met, but there is a reasonable basis for concluding that a contrary intent exists, Carawan then applies the "rule of lenity": "Where there is a reasonable basis for concluding that the legislature did not intend multiple punishments, the rule of lenity contained in section 775.021(1) and our common law requires that the court find that multiple punishments are impermissible." Id. at 168. The court noted that by its own terms the rule of lenity comes into play only "when legislative intent is equivocal as to the issue of multiple punishments." Id.[5]
The 1988 legislature, apparently in response to Carawan, amended section 775.021 by adding subsection (4)(b), which states that "the intent of the legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the rule of lenity ... to determine legislative intent" unless the offenses require identical elements of proof, are degrees of the same offense or are lesser included offenses. Chapter 88-131, section 7, Laws of Florida. This amendment limits application of the rule of lenity when there is no evidence of legislative intent, but does not affect analysis of the legislative intent as evidenced by the statute itself.
Wheeler was convicted and sentenced separately for possession of cocaine with intent to sell and sale of cocaine, both offenses prohibited by section 893.13(1)(a), Florida Statutes. The structure of section 893.13(1)(a) indicates that sale and possession with intent to sell are alternative ways of violating this particular subsection of the statute and that the legislature intended by this subsection to punish either the completed sale, manufacture or delivery of an illegal drug, or the frustrated sale, manufacture *690 or delivery of the drug (by charging possession of the drug with the intent to sell, manufacture or deliver it), but not both when the same drug and the same transaction are involved. In other words, the legislature intended that in such a circumstance there has been only one violation of the subsection. It is logical to assume that if a contrary result had been intended, the legislature would have proscribed each offense in separate subsections of the statute, as it did with simple possession of a controlled substance in section 893.13(1)(e).
Given this clear indication in the statute itself of a legislative intent not to punish these offenses separately, statutory construction using the Blockburger test of separate offenses and the Carawan rule of lenity becomes unnecessary. The 1988 amendment to section 775.021, therefore, has no effect on this court's determination that the legislature intended to punish as one violation of section 893.13(1)(a) the sale, manufacture, or delivery of an illegal drug where the defendant possessed the same drug with the intent to sell, manufacture, or deliver it. Any issue regarding the retroactivity of the 1988 amendment and the ex post facto clauses of the state and federal constitutions is not implicated in this case.[6]
This court has previously concluded, albeit based on a different rationale, that a person cannot be convicted and sentenced for both sale of a controlled substance and possession of the same substance with the intent to sell or deliver it when the offenses arose simultaneously from a single drug transaction and involved the same drug. Fletcher v. State, 428 So.2d 667 (Fla. 1st DCA 1982), review denied, 430 So.2d 452 (Fla. 1983). The court initially reasoned that Fletcher committed two offenses prohibited by section 893.13(1)(a) and thus did not violate "two or more criminal statutes" as required by the pre-1983 section 775.021(4) for multiple punishment. On a motion for rehearing, the court held that under Blockburger, possession with intent to sell was a lesser included offense of sale since it contained no elements of proof not also required to prove sale.[7]
However, the Blockburger analysis in Fletcher is at odds with the Florida Supreme Court's holding in Smith v. State, 430 So.2d 448 (Fla. 1983). Applying section 775.021(4) and Blockburger, the court in Smith determined that possession of a controlled substance in violation of section 893.13(1)(e), Florida Statutes (1979),[8] was not an offense included in the sale of a controlled substance proscribed by section 893.13(1)(a). See also, Portee v. State, 447 So.2d 219 (Fla. 1984) (following Smith, defendant properly convicted and sentenced for sale and possession of more than five *691 grams of marijuana); cf. State v. Daophin, 533 So.2d 761 (Fla. 1988) (simple possession is not a necessarily lesser included offense of trafficking by delivery). We recede from Fletcher insofar as it is inconsistent with the Supreme Court's decision in Smith v. State and our decision today.
The Fourth and Second District Courts of Appeal have also recently addressed the issue of whether a defendant can be convicted and sentenced for both sale of a controlled substance and possession with intent to sell the same substance. In Smith v. State, 524 So.2d 461 (Fla. 4th DCA 1988), approved, State v. Smith, 547 So.2d 613 (Fla. 1989), the court held that multiple punishment was impermissible, relying on Fletcher and Carawan, and acknowledging conflict with the Second District Court of Appeal's opinion in Dukes v. State, 464 So.2d 582 (Fla. 2d DCA 1985). In Dukes, the court held that since the crime of sale does not require proof of possession and the crime of possession with intent to sell does not require proof of sale, the two are separate offenses because each requires proof of an element which the other does not. However, in Gordon v. State, the Second District Court of Appeal receded from this holding in Dukes.
In Gordon, the court held that section 893.13(1)(a) lacked any statement of legislative intent concerning whether the two offenses should be punished separately or as one crime, and rejected the argument that inclusion of both offenses in the same subsection of the statute reflects clear legislative intent that the offenses are the same. It concluded that the Blockburger test for separate offenses was not met because both offenses contained as an element some sort of possession (actual or constructive), both offenses were general intent crimes, and "in proving the elements of the crime of sale the prosecution cannot also help but prove the elements of possession-with-intent-to-sell." 528 So.2d at 913. The court held that since there was no evidence of a contrary legislative intent to rebut the Blockburger presumption of equivalent offenses, because chapter 893 comprehensively addressed the same evil (drug abuse), the rule of lenity was unnecessary, although its application would lead to the same result. Id. at 915.
However, under a proper Blockburger analysis, these offenses are not presumed to be equivalent. See Smith v. State, 430 So.2d 448 (Fla. 1983), in which the Florida Supreme Court cited its earlier opinion in Borges v. State, 415 So.2d 1265 (Fla. 1982), for the ruling that "a less serious offense is included in a more serious one if all the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter." 430 So.2d at 449. Possession of a controlled substance with the intent to sell is not a necessarily lesser included offense of sale.[9]
The Gordon court's Blockburger analysis is fundamentally at odds with the supreme court's holding in Smith v. State, which was neither cited nor discussed in the Gordon opinion. However, although we reject the rationale in Gordon, we reach the same conclusion.
Accordingly, we REVERSE and REMAND to the trial court with instructions to vacate one of Wheeler's convictions and to recalculate his sentence. We also certify to the Florida Supreme Court the following questions as matters of great public importance:

*692 Whether the Florida Legislature intended separate convictions and sentences for possession of a controlled substance with the intent to sell and sale of the same controlled substance, arising out of the same criminal transaction, when both offenses appear to be alternate ways of violating section 893.13(1)(a), Florida Statutes (1985)?
Whether the supreme court's approval of Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), in State v. Smith, [547 So.2d 613] (Fla. 1989), was intended to overrule its earlier opinion in Smith v. State, 430 So.2d 448 (Fla. 1983)?
If Smith v. State, 430 So.2d 448 (Fla. 1983), has been implicitly overruled by State v. Smith, [547 So.2d 613] (Fla. 1989), should the schedule of lesser included offenses contained in the Florida Standard Jury Instructions in Criminal Cases (2d Ed., Supp. 1987), be amended to reflect that possession is a category one, necessarily included offense of sale?
SHIVERS, C.J., and WENTWORTH, JOANOS, THOMPSON, WIGGINTON, and ZEHMER, JJ., concur.
NIMMONS, J., specially concurs with written opinion in which ERVIN, BOOTH, SMITH and MINER, JJ., concur.
NIMMONS, Judge, specially concurring en banc,
I agree with the result reached by the en banc majority because our decision is controlled by the Supreme Court's recent decision in State v. Smith, 547 So.2d 613 (Fla. 1989). However, I disagree with the majority opinion's interpretation and application of the Carawan analysis, at least in the respects hereinafter mentioned.
Basically, the majority's opinion concludes that resort to the Carawan analysis, designed to discern legislative intent, is unnecessary because the statute itself clearly evinces an intent that the subject offenses are not to be punished separately. Therefore, the majority concludes that it is unnecessary to deal at all with the Blockburger test. This rationale of the majority can be sustained only if it can be said that the subject statute contains a "specific, clear and precise statement of legislative intent." In Carawan, the Supreme Court, in discussing the "first main rule of statutory construction" stated:
The first is that absent a violation of constitutional right, specific, clear and precise statements of legislative intent control regarding intended penalties. Only where no clear intent exists does any other rule of construction come into play. As we have noted previously, rules of statutory construction "are useful only in case of doubt and should never be used to create doubt, only to remove it." State v. Egan, 287 So.2d 1, 4 (Fla. 1973). The courts never resort to rules of construction where the legislative intent is plain and unambiguous. Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984); Reino v. State, 352 So.2d 853, 860 (Fla. 1977); Rinker Materials Corp. v. North Miami, 286 So.2d 552, 554 (Fla. 1973). Unfortunately, comprehensive statements of intent are rare because of our increasingly complex criminal codes which are constantly being changed, modified, and amended, not under some thoughtful masterplan, but in piecemeal fashion.
The second rule is that, in the absence of any clearly discernible legislative intent, the court begins by using the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to assist in determining this intent. (emphasis added)
515 So.2d at 165. I fail to understand how the majority can say that there is in the instant case the above kind of expression of legislative intent so as to avoid the need to resort to any other rules of statutory construction (such as Blockburger).[1]
In Gordon v. State, 528 So.2d 910 (Fla. 2nd DCA 1988), the Second District reached *693 the same conclusion as I have. There, the court was dealing with the same offenses as are involved in the instant case, to wit: sale of cocaine, and possession with intent to sell cocaine.[2]
The mere placement, therefore, of the two crimes within the statute's [Section 893.13(1)(a)] proscription will not provide the necessary clear intent language. Such intent language has not been cited to us, nor can we find such language obviating the need to progress to the second step of the Carawan analysis. (footnote omitted)
528 So.2d at 912.
Although I agree with the Second District's conclusion that it was necessary to proceed to the second step (i.e. the Blockburger test) of the Carawan analysis and with its ultimate conclusion that convictions for both sale and possession with intent to sell the same cocaine is violative of double jeopardy principles, I do not agree with the manner in which the Second District applied the Blockburger step. In the application of the Blockburger step, i.e. in determining whether each crime has an element which the other does not, such determination is to be made without regard to the accusatory pleading or other proof adduced at trial. Blockburger, 52 S.Ct. 180, 182; Carawan, 515 So.2d at 167. This is a nuance apparently overlooked by the Second District in Gordon. And although the Supreme Court in its recent above referred Smith decision also reviewed and approved the Second District's Gordon decision,[3] it is not at all apparent from the Supreme Court's opinion that the Court embraced the Second District's peculiar application of the Blockburger step. I, therefore, would not construe the Supreme Court's approval of the Gordon decision as an endorsement of that aspect of the Second District's opinion.
I believe that the proper application of the Carawan analysis in this case is to: (1) find that there are not "specific, clear and precise statements of legislative intent ... regarding penalties," Carawan 515 So.2d at 165; Smith, 547 So.2d at 615; (2) find that the Blockburger test is satisfied such that a presumption of separate offenses is established; (3) conclude that a reasonable basis for a contrary intent exists for the reasons that the two sections seek to remedy the same evil[4]; and (4) apply the rule of lenity to resolve the conflict in favor of the defendants as required in Carawan.[5]
I would also reject the state's argument for the retroactive application to Wheeler of the 1988 amendment (Chapter 88-131, section 7, Laws of Florida) of Section 775.021 by which amendment the legislature apparently sought to vitiate Carawan. This retroactivity issue has now been laid to rest by the Supreme Court in Smith, 547 So.2d at 615.[6]
Finally, I would agree with the majority opinion that we should recede from our earlier erroneous application of the Blockburger test in Fletcher v. State, 428 So.2d 667 (Fla. 1st DCA 1982).
ERVIN, BOOTH, SMITH and MINER, JJ., concur.
NOTES
[1] The supreme court's majority opinion in State v. Smith approves the result reached in Gordon without specifically addressing the rationale employed, or the conflict of that rationale with the court's earlier decision in Smith v. State, 430 So.2d 448 (Fla. 1983) (cited in J. Shaw's opinion dissenting in part, 14 F.L.W. at 310). The focus of the majority's opinion appears to be the effect and the retroactive applicability of chapter 88-131, section 7, Laws of Florida.
[2] Chapter 76-66, section 1, Laws of Florida, provided: "Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively."
[3] Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932): "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Chapter 83-156, section 1, Laws of Florida, provided: "Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." (changes underlined).
[4] The application of the rules of construction in section 775.021 presupposes that there is no specific, clear and precise statement of legislative intent regarding multiple punishments. Carawan, 515 So.2d at 165.
[5] The United States Supreme Court has described the federal rule of lenity as a policy by which the courts "will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." Albernaz v. United States, 450 U.S. 333, 342, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275 (1981), quoting Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).

In Carawan, the court found that the legislature did not intend to impose multiple punishments for attempted manslaughter and aggravated battery predicated on a single underlying act and that both offenses address essentially the same evil, concluding that the rule of lenity contained in section 775.021(1) required it to remand for vacation of one of the convictions and resentencing. 515 So.2d at 170-71.
[6] We are cognizant of the supreme court's recent opinion in State v. Smith, 547 So.2d 613 (Fla. 1989), in which it held that the legislature's 1988 amendment overriding Carawan should not be retroactively applied.
[7] The state contends that Fletcher no longer applies in light of Chapter 83-156, Laws of Florida, which it asserts amended section 775.021(4) in direct response to that opinion. Although the temporal proximity of the 1983 amendment to Fletcher might be considered indicative of a legislative clarification of the statute in light of this court's interpretation, Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla. 1985), the state's argument on this point is otherwise unsupported by the legislative history of the amendment. According to the Senate staff analysis and the tape of the Senate hearing on the bill, neither of which refer directly or indirectly to Fletcher, the amendment was intended to allow separate convictions and sentences for violations of two offenses described in subparts of a single statute, avoiding results such as the one in Thomas v. State, 405 So.2d 1015 (Fla. 1st DCA 1981), in which this court ruled that convictions and consecutive sentences for grand theft of property and for grand theft of a firearm stolen during the course of one burglary violated only a single distinct statute since the offenses were interdependent subparts of the statute. Thomas was implicitly overruled in State v. Getz, 435 So.2d 789 (Fla. 1983), in which the supreme court found that the theft statute indicated a legislative intent to punish these two offenses separately, notwithstanding that they are defined within the same statute.
[8] Chapter 87-243 added "purchase" to subsection (1)(a) and reclassified (1)(e) as a new offense of committing the (1)(a) crimes near schools. Simple possession is now proscribed by subsection (1)(f) and possession or delivery of not more than 20 grams of cannabis by (1)(g).
[9] The Florida Standard Jury Instructions in Criminal Cases (2d Ed., Supp. 1987), defines "sell" under section 893.13(1)(a): "to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value." The schedule of lesser included offenses contains no "category 1" lesser included offense when the primary offense is the violation of section 893.13(1)(a). The only "category 2" lesser offenses are attempts, except when delivery is charged; simple possession, section 893.13(1)(e), if possession is charged; and possession or delivery without consideration of not more than 20 grams of cannabis, section 893.13(1)(f), if possession or delivery of cannabis is charged. While it is clear that simple possession under subsection (1)(e) is a necessarily lesser included offense of possession with intent to sell under subsection (1)(a), it is also clear that possession under either subsection is not a necessarily lesser included offense of sale because the definition of sale does not require proof of possession.
[1] Since I believe the majority has clearly misconstrued the meaning of this first main rule of statutory construction, and since a proper understanding of such rule is so critical to the correct application of the Carawan analysis, an analysis which we are increasingly being called upon to apply, I believe this is a question which should be certified to the Supreme Court for authoritative resolution.
[2] I believe it should be made clear that the cocaine which Wheeler sold is the same cocaine which he possessed with intent to sell.
[3] Smith and Cardon were consolidated before the Supreme Court.
[4] In Carawan, the Court stated:

[A]fter first applying the Blockburger test, the court then must consider the presumption so created in light of any relevant factors that may indicate a contrary legislative intent.
515 So.2d at 167. The Court gave examples of such factors such as the circumstances and documentation accompanying the law's enactment, its evident purpose, the particular evil it seeks to remedy, and the fact that it seeks to protect a particular class or remedy a special problem.
[5] where there is a reasonable basis for concluding that the legislature did not intend multiple punishments, the rule of lenity contained in section 775.021(1) and our common law requires that the court find that multiple punishments are impermissible.
Carawan, 515 So.2d at 168.
[6] See also Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988); Payne v. State, 538 So.2d 1302 (Fla. 1st DCA 1989); Meadows v. State, 534 So.2d 1233 (Fla. 4th DCA 1989).