POLEN, Judge.
The state timely appeals a sentence entered after appellee, pursuant to a plea bargain that was offered by the court over appellant’s objection, pled guilty to a violation of section 893.13(l)(e), Florida Statutes (1987). Appellant correctly assigns as error the trial court’s downward departure from the sentencing guideline range, without providing written reasons for such departure.
The record indicates as a possible basis for his departure the trial judge’s feeling that such a sentence would be inappropriate given the circumstances of the case. We have previously held this is not a valid reason for guideline departure. On the other hand, appellee suggests the trial court might have properly relied on appel-lee’s serious drug addiction problem as a valid reason for departure. See Barbera v. State, 505 So.2d 413 (Fla.1987), and State v. Whitten, 524 So.2d 1114 (Fla. 4th DCA 1988). We therefore reverse and remand as to this point so that the trial court may enter an order giving proper reasons for a downward guideline departure. In the event the trial court, on remand, determines to sentence appellee within the guideline range, then appellee should be given the opportunity to withdraw his plea. State v. Richardson, 536 So.2d 1193 (Fla. 4th DCA 1989).
Appellee raises two constitutional issues that warrant discussion. He attacks the constitutionality of section 893.13(l)(e), Florida Statutes (1987), raising essentially the same arguments we have previously considered and rejected in State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989) (review pending, Burch v. State, No. 73,826). Consistent with our disposition in Burch and subsequent cases, we find the statute to be constitutional, but would stay issuance of the mandate pending the supreme court’s disposition of Burch.
Finally, appellee assigns as error the trial court’s entering judgment and sentence for both the purchasing and the possession of the same cocaine where each offense was based on a single underlying fact. Appellee argues this is a violation of double jeopardy based on Carawan v. State, 515 So.2d 161 (Fla.1987). However, we held in Psihogios v. State, 544 So.2d 283 (Fla. 4th DCA 1989), that pursuant to the recent amendment to section 775.021, Florida Statutes (Supp.1988), the legislative intent is clear that there may be dual convictions and dual sentences for purchase and possession of the same cocaine. Having certified the question to the supreme court in Psihogios, we now certify the same question as it pertains to the instant case:
1. DO CONVICTIONS FOR THE CRIMES OF PURCHASE OF A CONTROLLED SUBSTANCE AND POSSESSION OF A CONTROLLED SUBSTANCE ARISING OUT OF AN ACT INVOLVING ONLY ONE ROCK OF COCAINE CONSTITUTE DOUBLE JEOPARDY?
2. WHAT IS THE EFFECT OF SECTION 775.021(4), FLORIDA STATUTES (SUPP.1988) ON THE APPLICATION OF THE ANALYSIS IN CARA WAN V. STATE?
For the reasons set forth above, we affirm the convictions and reverse and remand the sentence for the entry of a written order stating reasons for any departure from the sentencing guidelines consistent with this opinion. Issuance of the mandate is stayed pending the supreme court’s disposition of Burch.
DOWNEY and LETTS, JJ., concur.