PER CURIAM.
Oliver appeals from his conviction and sentencing for two counts of possession with intent to sell cocaine and two counts of sale of cocaine. The charges arise out of two separate controlled buys of narcotics. For each occurrence, the appellant was charged with both possession with intent to sell and sale. In Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989), this court held that separate convictions and punishments for both crimes arising out of a single transaction and involving the same controlled substance violated the principles of double jeopardy. We, therefore, reverse and remand to the trial court for vacation of one of the convictions as to each transaction and for appropriate resentencing.
The appellant also asserts that the trial court erred in imposing a departure sentence without providing contemporaneous written reasons for departing from the sentencing guidelines. In light of recent opinions of this court, including Brown v. State, 565 So.2d 369 (Fla. 1st DCA 1990), which holds that Ree v. State, 565 So.2d 1329 (Fla.1990), shall only be applied prospectively, we find that the procedure utilized by the trial judge was not in error. Resentencing in this case, however, will be subject to the requirements of Ree, supra.
Reversed and remanded for proceedings consistent with this opinion.
JOANOS, BARFIELD and WOLF, JJ., concur.