581 So.2d 893 (1991)
Steve Anton DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 76043.
Supreme Court of Florida.
May 30, 1991.
Rehearing Denied July 15, 1991.
*894 Michael J. Snure and David A. Henson of Muller, Kirkconnell, Lindsey and Snure, P.A., Winter Park, for petitioner.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
GRIMES, Justice.
We review Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990), based on conflict with V.A.A. v. State, 561 So.2d 314 (Fla. 2d DCA 1990). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Davis was charged, convicted, and sentenced for possession of a controlled substance and delivery of a controlled substance. The offenses occurred on August 25, 1988, when Davis handed an undercover agent one piece of crack cocaine. The Fifth District Court of Appeal affirmed Davis's convictions and sentences, rejecting the argument that separate convictions and sentences based on the same episode violated double jeopardy and section 775.021(4)(b), Florida Statutes (Supp. 1988).
In V.A.A. v. State, the district court certified the following as a question of great public importance:
WHEN A DOUBLE JEOPARDY VIOLATION IS ALLEGED BASED ON THE CRIMES OF SALE AND POSSESSION (OR POSSESSION WITH INTENT TO SELL) OF THE SAME QUANTUM OF CONTRABAND AND THE CRIMES OCCURRED AFTER THE EFFECTIVE DATE OF SECTION 775.021, FLORIDA STATUTES (SUPP. 1988), IS IT IMPROPER TO CONVICT AND SENTENCE FOR BOTH CRIMES?
561 So.2d at 315. The district court certified the same question in State v. McCloud, 559 So.2d 1305, 1306 (Fla. 2d DCA 1990). Based on our recent decisions in State v. V.A.A., 577 So.2d 941 (Fla. 1991), and State v. McCloud, 577 So.2d 939 (Fla. 1991), we approve the decision of the Fifth District Court of Appeal in this case.
In McCloud we rejected the argument that subsection 775.021(4)(b)(3), Florida Statutes (Supp. 1988),[1] prohibits dual convictions and sentences for possession and sale of cocaine based on the same act. The same analysis applies to Davis's convictions for possession and delivery of a controlled substance. See State v. Daophin, 533 So.2d 761 (Fla. 1988) (possession is not a lesser included offense of delivery). Accordingly, we approve the decision of the Fifth District Court of Appeal that affirmed Davis's convictions and sentences. We do not address the remaining arguments raised by Davis.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and HARDING, JJ., concur.
*895 BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, specially concurring.
I agree that this case is controlled by State v. McCloud, 577 So.2d 939 (Fla. 1991); however, I adhere to the views expressed in my dissent therein.
KOGAN, J., concurs.
NOTES
[1] Section 775.021(4)(b)(3), Florida Statutes (Supp. 1988), provides:

The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
. . . . .
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.