581 So.2d 1304 (1991)
STATE of Florida, Petitioner,
v.
Bobby Charles OLIVER, Respondent.
No. 77122.
Supreme Court of Florida.
July 3, 1991.
*1305 Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
BARKETT, Justice.
We review Oliver v. State, 569 So.2d 945 (Fla. 1st DCA 1990), based on direct conflict with Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990), approved, 581 So.2d 893 (Fla. 1991).[1]
Bobby Charles Oliver was convicted of two counts of possession with intent to sell cocaine and two counts of sale of cocaine arising out of two separate incidents. The district court reversed and remanded for vacation of one of the convictions as to each transaction based on its opinion in Wheeler v. State, 549 So.2d 687 (Fla. 1st DCA 1989), review dismissed, 560 So.2d 235 (Fla. 1990), which held that separate convictions and punishments for two crimes arising out of a single transaction and involving the same controlled substance violated the principles of double jeopardy.
As Oliver concedes, our recent decision in State v. McCloud, 577 So.2d 939 (Fla. 1991), controls the outcome of this case. In McCloud, we held that the legislature intended for possession and sale of the same narcotic to be separate crimes under section 775.021(4), Florida Statutes (Supp. 1988), and thus a trial court may properly convict and sentence for both offenses. We have already approved Davis for the same reason. Davis, 581 So.2d at 894. We disapprove the decision in Wheeler, quash the decision below, and remand for proceedings consistent with this opinion.[2]
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
[2] We decline to discuss the other issue raised by Oliver as it is beyond the scope of the conflict that formed the basis for our jurisdiction.