980 So.2d 1145 (2008)
Douglas Michael GUETZLOE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-44.
District Court of Appeal of Florida, Fifth District.
March 28, 2008.
Rehearing Denied May 8, 2008.
*1146 Frederic B. O'Neal, Windermere, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
COHEN, J.
Douglas Guetzloe appeals the denial of two motions to dismiss an amended information charging Guetzloe with 14 counts of violating section 106.1439, Florida Statutes (2004), Florida's Electioneering Communication Statute. We affirm in part and reverse in part.

The Facts
The charges resulted from the 2006 mayoral election in the City of Winter Park. Just before the election, Mr. Guetzloe prepared and mailed out a four-page packet, which purportedly documented a neighborhood dispute and subsequent prosecution of a candidate running for reelection for the position of Mayor of Winter Park, Florida. The mayor allegedly deposited dog excrement on a neighbor out walking his dogs. The mail-out included a police report, victim's statement, and pretrial diversion contract. Mr. Guetzloe's effort at the quintessential smear campaign went to over five thousand households and occurred without the knowledge or consent of the candidates.[1] Following the election, the disclosure form required by section 106.071 was filed identifying Guetzloe as the source of the mail-out.

Procedural History
The State charged Guetzloe with 14 counts of violation of section 106.1439, each a misdemeanor of the first degree. Guetzloe moved to dismiss the prosecution, claiming that the statute was an overbroad restriction against anonymous political speech. Further, he argued that the statute allowed for only one unit of prosecution. At the hearing on the motion to dismiss, the State stipulated that the prosecution of Guetzloe stemmed from his failure to include the "paid electioneering communication" disclaimer, and was not based upon failure to include his name and address on the electioneering communication. Those motions were denied and Guetzloe entered a no contest plea reserving the right to appeal. Pursuant to Florida Rule of Appellate Procedure 9.160, Guetzloe moved for entry of an order certifying questions of great public importance. The county court, in and for Orange County, granted that motion, certifying two questions of great public importance;
1. Whether Section 106.1439, Florida's Electioneering Communication Statute, is not [sic] an overbroad restriction against anonymous political speech.
2. Whether Section 106.1439 allows the State to charge separate counts for each person to whom an electioneering communication is addressed, mailed, and received.
This court granted certification. On appeal, Guetzloe challenges the constitutionality of the statute, in toto.

Analysis
For the reasons set forth below, we restate the first question presented. Section 106.1439(1) provides:

*1147 Any electioneering communication shall prominently state: "Paid electioneering communication paid for by (Name and address of person paying for the communication)."
At issue is whether the "name and address" mandate is severable from the "paid electioneering communication" requirement and if so, whether the statute as redacted constitutes an overbroad restriction of anonymous political speech. Section 106.011(18)(a) defines "electioneering communication" as a paid expression that:
1. Refers to or depicts a clearly identified candidate for office or contains a clear reference indicating that an issue is to be voted on at an election, without expressly advocating the election or defeat of a candidate or the passage or defeat of an issue.
2. For communications referring to or depicting a clearly identified candidate for office, is targeted to the relevant electorate. A communication is considered targeted if 1,000 or more persons in the geographic area the candidate would represent if elected will receive the communication.
It is undisputed that Guetzloe's mail-out met the statutory definition and constituted an electioneering communication.
We find the disclosure requirements of section 106.1439 are severable and Guetzloe can be prosecuted for his failure to include "paid electioneering communication" on the mail-out. In Doe v. Mortham, 708 So.2d 929 (Fla.1998), the plaintiffs argued that section 106.071(1), was overbroad and infringed upon their First Amendment right to engage in anonymous political speech. That statute required political advertisements paid for by an independent expenditure prominently state Paid political advertisement paid for by (Name and address of person paying for advertisement) independently of any (candidate or committee). The supreme court found that despite the statute's problematic "name and address" mandate, the generic requirement that all communications be marked with the phrase "Paid political advertisement" in no way violated the right to engage in anonymous political speech.
There is no substantive difference between the phrase "paid political advertisement," approved in Mortham, and "paid electioneering communication" found in section 106.1439(1). The disclaimer requirement in the instant case does not violate First Amendment principles. Accordingly, Guetzloe was required under section 106.1439 to disclose that the mail-out was a "Paid electioneering communication," and failure to do so subjected him to prosecution.
The State did not pursue prosecution for Guetzloe's failure to disclose his identity on the mail-out. Having found the statutory provisions severable, we do not need to reach the constitutionality of the "name and address" provision within section 106.1439.
Guetzloe next argues that section 106.1439 allows for only one unit of prosecution and his additional 13 convictions for section 106.1439 violations are barred by double jeopardy, which prohibits multiple punishments for the same offense.
In determining the "allowable units of prosecution," courts must look to the criminal activity that the legislature intended to punish. McKnight v. State, 906 So.2d 368, 371 (Fla. 5th DCA 2005). In McKnight, this court discussed the factors to be considered by the court in determining allowable units of prosecution. It is a common sense approach, guided by the statutory language, context, similar enactments, and case law.
Applying this common sense approach to the present case, we find that section 106.1439 allows only one unit of prosecution. *1148 Guetzloe's original electioneering communication consisted of one mailing, sent to over five thousand households. Section 106.011(18)(a), which defines "electioneering communication" and brings Guetzloe's electioneering communication within the purview of the criminal courts, contemplates that an offender will mail, email, or otherwise distribute substantial numbers of communications. Indeed, the statute uses a figure of 1000 as indicative of targeting. Common sense suggests the legislature did not intend that violation of section 106.1439, which it classified as a misdemeanor, would subject the offender to one year in jail for each of the 1000 communications.
This conclusion is buttressed by the "a/any" test, and the legislature's use of the word "any" in section 106.1439(2): "Any person who fails to include the disclaimer prescribed in this section in any electioneering communication that is required to contain such disclaimer commits a misdemeanor of the first degree." (Emphasis supplied.) Under the "a/any" test, use of the word "any" indicates an ambiguity as to the intended units of prosecution, and any doubt as to legislative intent must be resolved by application of the rule of lenity. Id. at 372. Under the rule of lenity, ambiguity in the statute must be interpreted to favor the defendant.
We conclude that double jeopardy bars multiple prosecutions for a single distribution of electioneering communications.
Accordingly, we AFFIRM IN PART, REVERSE and REMAND for resentencing based upon this opinion.
SAWAYA and EVANDER, JJ., concur.
NOTES
[1] The mayor's opponent filed an affidavit crediting loss in the subsequent election to Mr. Guetzloe's mail-out, which appears to have been a misguided and unsuccessful effort to defeat the mayor's reelection.