IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

REIDEL EUGENIO ARMAS,

      Appellant,

 v.                                    Case No.  5D17-1528

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed June 29, 2018

Appeal from the Circuit Court
for St. Johns County,
Howard M. Maltz, Judge.

James S. Purdy, Public Defender, and Ali L.
Hansen, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

The issue that we resolve in this case is whether Appellant was placed in double jeopardy, in violation of the Fifth Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution, when he was tried and convicted upon an information charging him with one count of possession of cannabis in an amount exceeding 20 grams with the intent to sell or deliver and a second count of manufacturing

cannabis, each being a third-degree felony in violation of section 893.13(1)(a), Florida Statutes (2015). For the following reasons, we conclude that no double jeopardy violation occurred, and we therefore affirm Appellant's convictions.

The pertinent facts of this case are undisputed. During a single search of Appellant's residence, law enforcement confiscated thirty-one cannabis plants from a bedroom and approximately one kilogram of finished, dried loose-leaf cannabis, packaged into six or seven plastic bags, inside a duffle bag located on the kitchen counter. Further, the cannabis found in the duffle bag came from the plants found in the bedroom. Appellant was convicted after trial of possession of cannabis with intent to sell, manufacture,[1] or deliver and separately for manufacturing of cannabis.

Appellant argues that his dual convictions here violate double jeopardy principles because each "is predicated on indistinct conduct occurring during a single criminal episode" with the conduct being Appellant's "possession of marijuana plants and packaged product." The double jeopardy clauses of the federal and state constitutions prohibit the imposition of multiple punishments for the same criminal offense but do not prohibit multiple punishments for different offenses arising out of the same criminal transaction or episode if the Legislature intended to authorize separate punishments. *Roughton v. State*, 185 So. 3d 1207, 1209 (Fla. 2016) (citing *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009)). The Florida Legislature did so when it enacted section 775.021(4)(a), Florida Statutes (2015), which provides, in pertinent part, that a person

---

[1] The record does not show that count one of the information was ever amended from possession of cannabis with intent to sell or deliver to possession with intent to sell, <u>manufacture</u>, or deliver. There is also no record explanation or indication why the word "manufacture" was included in the jury instruction and verdict form on this count. Nevertheless, this inclusion is not significant to our analysis.

who, during "the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses . . . shall be sentenced separately for each criminal offense." Offenses are separate under this statute "if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial."[2] § 775.021(4)(a), Fla. Stat. (2015). Additionally, the statute explicitly states that it is the intent of the Legislature for there to be a conviction and sentence "for each criminal offense committed in the course of one criminal episode or transaction" except where there are: 1) "Offenses which require identical elements of proof"; 2) "Offenses which are degrees of the same offense as provided by statute"; or 3) "Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." *Id.* § 775.021(4)(b).

The determination as to whether double jeopardy is violated based on undisputed facts is a purely legal determination, making our standard of review de novo. *Binns v. State*, 979 So. 2d 439, 441 (Fla. 4th DCA 2008) (citing *State v. Florida*, 894 So. 2d 941, 945 (Fla. 2005)). Similarly, whether section 775.021(4)(a) precludes dual convictions and sentences on undisputed facts is also reviewed de novo. *See Roughton*, 185 So. 3d at 1209 ("The application of the statutory rule of construction based on undisputed facts is a legal issue, subject to de novo review." (citing *State v. Drawdy*, 136 So. 3d 1209, 1213 (Fla. 2014))).

---

[2] Section 775.021(4)(a) is a codification of the "same elements" test enunciated in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether a double jeopardy violation occurred. *See Cruller v. State*, 808 So. 2d 201, 203 (Fla. 2002). This test provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.

3

The dispositive question here is whether under section 775.021(4)(a) and without regard to the accusatory pleading or proof at trial, possession of cannabis with intent to sell, manufacture, or deliver and manufacturing of cannabis are separate offenses when they arose out of the same criminal transaction and are charged under the same statute. In *Anderson v. State*, 447 So. 2d 236 (Fla. 1st DCA 1983), the First District Court of Appeal held that convictions for both the manufacture of cannabis and the possession of the same cannabis did not violate double jeopardy because "the crime of 'manufacture' does not require proof of possession." 447 So. 2d at 239-40. Subsequently to *Anderson*, the Florida Supreme Court held in *State v. McCloud*, 577 So. 2d 939 (Fla. 1991), that there is no double jeopardy violation for the crimes of sale of cocaine and possession (or possession with intent to sell) of the same quantum of cocaine, rejecting the argument that section 775.021(4)(b) prohibits dual convictions and sentences for possession and sale of cocaine based on the same act because each offense contains an element that the other does not. 577 So. 2d at 940-41. Shortly thereafter, the court applied the same analysis in holding that separate convictions and sentences for possession of a controlled substance and delivery of the same controlled substance[3] did not violate double jeopardy. *Davis v. State*, 581 So. 2d 893, 894 (Fla. 1991).

Appellant was charged with violating section 893.13(1)(a), Florida Statutes (2015), which provides, in pertinent part, that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." We agree with the First District that there is no double jeopardy violation for possession of cannabis

---

[3] The two crimes occurred when the defendant handed an undercover agent one piece of crack cocaine.

4

and manufacturing of cannabis because each offense contains an element that the other does not. *Anderson*, 447 So. 2d at 239-40. Appellant provides no persuasive explanation for how his convictions for manufacturing of cannabis and possession with intent to sell, manufacture, or deliver the same cannabis can be a double jeopardy violation, yet there is no double jeopardy violation for the sale of cocaine and possession of the same cocaine in *McCloud* or the possession of cocaine and delivery of the same cocaine in *Davis*, nor can we discern any.

Appellant separately argues that because he was charged with two violations of the same statute arising out of a single incident, the test to be applied in determining the existence of a double jeopardy violation is not the "same elements" test that is utilized under *Blockburger* when two separate statutes are being compared, but rather the "allowable unit of prosecution" test. *See Guetzloe v. State*, 980 So. 2d 1145 (Fla. 5th DCA 2008); *McKnight v. State*, 906 So. 2d 368 (Fla. 5th DCA 2005). This standard recognizes that double jeopardy is offended if multiple punishments are imposed for the same offense. *McKnight*, 906 So. 2d at 371. In *McKnight*, the defendant was charged with two counts of first-degree vehicular homicide under section 782.071(1)(b), Florida Statutes (2001), for the death of two separate victims involved in a single accident. *Id.* at 370. We held that the text of that specific statute, in conjunction with the State's historic treatment of homicide crimes, made clear the Legislature's intent that each victim constituted a separate allowable unit of prosecution and, therefore, the defendant's separate convictions for vehicular homicide were not proscribed by double jeopardy principles. *Id.* at 373-74. Subsequently, in *Guetzloe*, we held that one mass mailing by

5

the defendant in violation of Florida's Electioneering Communication Statute[4] constituted only one "allowable unit of prosecution" that the legislature intended to punish and that double jeopardy barred multiple prosecutions for a single distribution of electioneering communications. 980 So. 2d at 1147-48.

We distinguish both *McKnight* and *Guetzloe* because in those cases, we were addressing multiple violations of the same offense. Here, Appellant's two criminal offenses are distinguishable discrete acts that are not the same offense, even though both are charged under section 893.13(1)(a), because this statute proscribes alternative or separate forms of criminal conduct. As previously discussed, the Florida Supreme Court had no difficulty in applying the "separate offense" analysis under section 775.021(4)(a) in *McCloud*, holding that there was no double jeopardy violation for convictions of the separate offenses of sale of cocaine and possession of the same cocaine, or in *Davis*, concluding that there was no double jeopardy violation for the delivery of cocaine and the possession of the same cocaine with the intent to sell or deliver because they were separate offenses. *See also State v. Oliver*, 581 So. 2d 1304, 1305 (Fla. 1991) (approving separate convictions for possession with intent to sell cocaine and sale of the same cocaine arising out of a single transaction). Moreover, under *Roughton*, our double jeopardy analysis pursuant to section 775.021(4) must "be conducted without regard to the accusatory pleading or the proof adduced at trial, even where an alternative conduct statute is implicated." 185 So. 3d at 1211. Simply put, manufacturing of cannabis and possession of cannabis with intent to manufacture are

---

[4] § 106.1439, Fla. Stat. (2004).

separate offenses under section 775.021(4)(a), even though they have now been codified as crimes under the same subsection of section 893.13.

Accordingly, we hold that Appellant's dual convictions, even though arising out of the same criminal transaction or episode and involving the same cannabis, do not violate the prohibition against double jeopardy. Additionally, none of the three exceptions contained in section 775.021(4)(b) is applicable here because neither of Appellant's offenses is a lesser included offense of the other, they do not have identical elements of proof, and they are not degrees of the same offense.[5]

AFFIRMED.

COHEN, C.J., and BERGER, J., concur.

---

[5] This exception under section 775.021(4)(b)2. prohibits a defendant from being punished for violating two or more degrees of the same offense as provided by statute. For example, the theft statute identifies three degrees of grand theft and two degrees of petit theft. *See* § 812.014, Fla. Stat. (2005). The homicide statute identifies three degrees of murder, *see id.* § 782.04, and the arson statute has two separate degrees. *See id.* § 806.01; *see also Valdes*, 3 So. 3d at 1076 (quoting *State v. Paul*, 934 So. 2d 1167, 1177-78 (Fla. 2006) (Cantero, J., concurring)).